[No. 38755.   Department Two.   December 13, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIE PEELE, *Appellant*.*

*Reported in 448 P.2d 923.

*Willie Peele,* pro se.

*Kempton, Savage & Gossard,* by *James S. Kempton,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Robert E. Dixon,* for respondent.

HILL, J.—This is an appeal from a conviction of robbery presenting a single and somewhat unusual evidentiary question relative to the admission of certain exhibits.

For a description of the robbery of the Jolly Fuel Company in Seattle on February 15, 1964, and for what we termed "the strong and convincing evidence of guilt concerning Taylor and his codefendant Peele," see *State v. Peele,* 67 Wn.2d 724, 730, 409 P.2d 663 (1966). We there reversed the granting of a new trial to Willie Peele and directed the imposition of judgment and sentence on the verdict of the jury. This appeal followed that judgment and sentence. The "strong and convincing evidence of guilt" remains. There is no contention that it is insufficient to sustain the conviction. However, a new trial is asked because of the admission of certain exhibits secured in connection with a subsequent robbery at 348 17th Avenue (hereinafter referred to as the 17th Avenue robbery) on February 24, 1964.

The police had been dispatched to that address because of a robbery in process at that location. Willie Peele was arrested in the bathroom of the 17th Avenue house. In the bathtub at the time of his arrest was a sawed-off Winchester rifle (30-30) and a knotted nylon stocking. Shells found

in his pocket at that time were of the type used in that rifle.

However, there was no positive identification of him as a participant in the robbery, and his explanation of his presence at the 17th Avenue house at that time indicated that it was just coincidental with the robbery. The sawed-off rifle, the nylon stocking, and the shells found in Peele's pocket were placed in evidence at the trial for that robbery, which commenced on July 20, 1964. The jury returned a verdict of "not guilty" as to Peele, but found other defendants to be guilty.

Peele's trial for complicity in the Jolly Fuel Company robbery commenced immediately thereafter on July 23, 1964. This robbery, as we have indicated, occurred on February 15, 1964, and preceded the 17th Avenue robbery. The same sawed off rifle, knotted nylon stocking taken from the bathtub in the 17th Avenue house, and the shells taken from Peele's pocket were again admitted as exhibits after Peele was identified as one of those participating in the fuel company robbery.

In his pro se brief Peele contends that the admission of these exhibits constituted error because the verdict of acquittal as to the 17th Avenue robbery was res judicata (more properly in this case a collateral estoppel) of the fact that the rifle and stocking in question were not in his possession or control.

■ It has been long established that the doctrines of res judicata and collateral estoppel do apply in criminal cases. See, Modern Status of Doctrine of Res Judicata in Criminal Cases, Annot., 9 A.L.R.3d 203 (1966). These doctrines, as applied to criminal cases, bar relitigation of issues actually determined by a former verdict and judgment. *Sealfon v. United States,* 332 U. S. 575 98 L. Ed. 180, 68 Sup. Ct. 237 (1948); *United States v. Burch,* 294 F.2d 1 (5th Cir. 1961); *State v. Barton,* 5 Wn.2d 234, 105 P.2d 63 (1940). The application of collateral estoppel in a criminal action is a 2-step operation: the first is to determine what issues were raised and resolved by the former judgment,

and the second is to determine whether the issues raised and resolved in the former prosecution are identical to those sought to be barred in the subsequent action.

In the present case we are faced with the not unusual difficulty in such cases of determining what issues or facts were resolved by the jury's determination that Willie Peele was not guilty of the 17th Avenue robbery. *(See Hoag v. New Jersey, 356 U. S. 464, 2 L. Ed. 2d 913, 78 Sup. Ct. 829, rehearing denied, 357 U. S. 933 (1958); Hernandez v. United States, 370 F.2d 171 (9th Cir. 1966); State v. Dewey, 206 Ore. 496, 292 P.2d 799 (1956)).* The verdict of "not guilty" merely established the fact that the jury was not convinced beyond a reasonable doubt that Willie Peele had participated in the 17th Avenue robbery. The acquittal could have resulted because no witness in the house at the time identified him as one of the robbers, or because the jury believed Peele's story of nonparticipation, or just because of a reasonable doubt. It is patently impossible to say that the possession and control of the rifle and stocking found in the bathtub were actually and necessarily determined by the jury's verdict of not guilty; but if the verdict did determine a lack of control and possession on February 24, 1964, such lack of possession and control on that date would not be inconsistent with his possession and control thereof 9 days earlier on February 15, 1964. The appellant's claim of error, based on the doctrine of res judicata or collateral estoppel, must therefore fail.

In the present case (the Jolly Fuel Company robbery), identification of Willie Peele as a participant was positive—his possession of a sawed-off gun (variously described as a shotgun, a rifle, and as an "over and under") was established by the testimony of several witnesses; some said it "looked like the gun" carried by one of the robbers. That the robbers used nylon stocking masks was established beyond dispute. This made the sawed-off rifle, the knotted nylon stocking found in the bathroom at the 17th Avenue house in Willie Peele's presence, and the shells found in his pocket admissible. That it was not his house,

or his bathtub, and that he disclaimed ever having had the gun or the nylon stocking in his possession were circumstances which went to the weight the jury might accord this evidence, but not to its admissibility. *State v. Slaughter,* 70 Wn.2d 935, 425 P.2d 876 (1967); *State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967).

Willie Peele filed a brief pro se in which he raised only the issue of res judicata; a supplemental brief was filed by his court-appointed counsel for this appeal (James S. Kempton). Mr. Kempton raised another issue de hors the record, *i.e.,* that inasmuch as Willie Peele had evidenced dissatisfaction with his services as counsel, Peele should have had the opportunity of having other counsel.

■ Mr. Kempton, as retained counsel, had secured an acquittal of Willie Peele when he was charged with participation in the 17th Avenue robbery. Also, as retained counsel, he had secured an order granting a new trial for Mr. Peele after his conviction in the Jolly Fuel Company robbery. When the state appealed from the order granting a new trial, Mr. Kempton (still as retained counsel) represented Mr. Peele very ably in this court. However, we set aside the order granting a new trial and directed that judgment and sentence be entered on the verdict of the jury (*State v. Peele, supra*). Thereafter Mr. Peele, as an indigent, asked for court-appointed counsel for this appeal, expressing dissatisfaction with his then counsel. The trial judge quite properly appointed Mr. Kempton because of his ability and his familiarity with the case. Because of their lack of rapport, Mr. Peele and Mr. Kempton each asked that the attorney-client relationship be discontinued and other counsel appointed.

The trial judge, doubtless feeling that the appeal presented only questions of law and that no other counsel could be as familiar with the issues involved, refused their requests.

Mr. Kempton, at the time this appeal was heard (October 30, 1968), again insisted that other counsel might have better represented Willie Peele before this court. We are satis-

fied that Mr. Kempton's concern is without foundation and that no other counsel could have done more or better than he has done on behalf of his now reluctant client.

The conviction appealed from is affirmed.

FINLEY, C. J., HUNTER and McGOVERN, JJ., and STAFFORD, J. Pro Tem., concur.