[No. 29272-2-I.    Division One.    February 28, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERTO R. CABRERA, *Appellant*.

*Kathryn Ann Miller* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Jennifer K. Ryan Gilman, Deputy*, for respondent.

AGID, J. — Roberto Cabrera appeals his conviction and sentence for two violations of the Uniform Controlled Substances Act, RCW 69.50.401(a). He contends that the trial court erred in denying his motion for substitution of counsel and in considering two prior Florida convictions as part of his criminal history for sentencing purposes. We affirm in part and reverse in part.

## I
### FACTS

Cabrera was originally charged with one count of delivery of cocaine. The information alleged that on May 29, 1991, Cabrera sold $40 worth of cocaine to an undercover officer, who used previously photocopied $20 bills ("buy" money) to purchase the drugs. Shortly after the transaction took place, Cabrera was arrested in a nearby market. In a search incident to arrest, police found $20 of the buy money and a bindle of cocaine in Cabrera's pocket. After Cabrera refused the State's plea offer, the State amended the information to include one count of possession of cocaine with intent to deliver. On August 5, 1991, a jury found Cabrera guilty of both counts. This appeal followed.

## II
### USE OF OUT-OF-STATE CONVICTIONS IN CALCULATING OFFENDER SCORE

At sentencing, the State presented certified copies of Washington judgments and sentences for three prior drug

convictions in Washington to prove that the defendant had two prior out-of-state felony convictions.[1] In the criminal history section of each of these documents, two prior Florida convictions were listed: a 1983 aggravated assault with a gun and a 1987 escape. The defense objected to the use of the Washington judgments to prove the validity and classification of the Florida convictions. The trial court ruled that the Washington judgments and sentences established the Florida convictions by a preponderance of the evidence. In the alternative, the court ruled that the defense was collaterally estopped from litigating the issue because three prior Washington courts had found that the convictions were part of the defendant's criminal history.

In establishing the defendant's criminal history for sentencing purposes, the State must prove by a preponderance of the evidence that a prior conviction exists. RCW 9.94A.110; *State v. Ammons*, 105 Wn.2d 175, 186, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986). An out-of-state conviction may not be used to increase the defendant's offender score unless the State proves it is a felony in Washington. *State v. Weiand*, 66 Wn. App. 29, 831 P.2d 749 (1992). While the best evidence of a prior conviction is a certified copy of the judgment, *State v. Descoteaux*, 94 Wn.2d 31, 614 P.2d 179 (1980), the State may introduce documents of record or transcripts of prior proceedings to establish the defendant's criminal history. *State v. Herzog*, 48 Wn. App. 831, 834, 740 P.2d 380 (1987); *State v. Herzog*, 112 Wn.2d 419, 771 P.2d 739 (1989).

■ The Washington judgments and sentences do contain findings of fact that the Florida convictions were part of the defendant's criminal history for purposes of calculating his offender score. In cases where the defense does not challenge the criminal history as presented by the State, the use of prior Washington judgments and sentences satisfies the State's burden. *See Ammons*, 105 Wn.2d at 190.

---

[1] The prosecutor said that Florida sent him the record of a misdemeanor conviction rather than a record of the felony convictions.

However, once the defendant challenges the use of these documents, as the defendant did here,[2] the State is required to present additional evidence of the classification of the out-of-state convictions in order to carry its burden of proving the convictions by a preponderance of the evidence.[3] RCW 9.94A.360(3); *see also Weiand*, 66 Wn. App. at 31-34. The trial court therefore erred in ruling that the Washington judgments and sentences established that the convictions were felonies in Washington by a preponderance of the evidence.

■■ We also conclude that collateral estoppel does not bar Cabrera from challenging the Florida convictions for sentencing purposes. The doctrine of collateral estoppel, or issue preclusion, applies in criminal cases. *State v. Peele*, 75 Wn.2d 28, 30, 448 P.2d 923 (1968); *State v. Blakey*, 61 Wn. App. 595, 598, 811 P.2d 965 (1991). Collateral estoppel precludes the same parties from relitigating issues actually raised and resolved by a former verdict and judgment. *Peele*, 75 Wn.2d at 30. The following requirements must be met: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the doctrine is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) barring relitigation of the issue must not work an injustice on the party against whom the doctrine is applied. *Franklin v. Klundt*, 50 Wn. App. 10, 13, 746 P.2d 1228 (1987).

■■ In this case, there is no question that the parties were identical in the prior sentencing proceedings. However, the State has not shown that the defendant objected to the

---

[2]Here defense counsel specifically objected to the State's failure to prove "the priors are felonies under Washington law", arguing that the prior judgments and sentences do not "rise to that level [of proof]".

[3]The State was not required to provide further evidence that Cabrera was the individual convicted in the Florida prosecutions. As the court ruled in *Ammons*, "the identity of names is sufficient proof", absent a declaration under oath by the defendant that he is not the person convicted in the prior proceeding. 105 Wn.2d at 190. We recognize that *Ammons* involved in-state convictions but perceive no reason why the policies relied on there would not apply equally here.

use of the convictions in a prior proceeding. We therefore cannot conclude that the identical issue was raised there and that a prior sentencing judge rendered a final decision on the merits. Further, it would work an injustice on the defendant to preclude him from raising the issue at this sentencing hearing on the basis that he did not object to the use of the out-of-state convictions at prior sentencings. A criminal defendant's waiver of his due process rights must be knowing, intelligent and voluntary. *E.g., In re Hanson*, 94 Wn.2d 798, 799, 620 P.2d 95 (1980). Because the State has the burden of proving the out-of-state convictions, in order to rely on collateral estoppel it must also show that the defendant did in fact waive his right to object in a prior proceeding. Here, the State presented no such proof. The fact that Cabrera acknowledged his criminal history by signing the prior judgments and sentences is insufficient to prove waiver because it does not establish that he knew he was waiving his right to object to the inclusion of the out-of-state convictions.

■ Nor can the sentencing error be considered harmless, as the State suggests. Using the Florida convictions, the court calculated an offender score of 11, with a standard range of 108 to 144 months.[4] Without the Florida convictions, the defendant's offender score would have been 8, with a standard range of 87 to 116 months. Cabrera was sentenced at the low end of the sentencing range (114 months). This sentence would fall at the high end of the sentencing range using an offender score of 8. Since the court sentenced Cabrera near the bottom of what it believed was the correct range, we cannot conclude that it would have chosen a sentence near the top of the range using a lower offender score. Accordingly, we must reverse the sentence and remand to allow the State to prove the convictions within a reasonable time after the mandate issues.

The judgment is affirmed.

---

[4]The statutory maximum penalty for Cabrera's offenses is 120 months. RCW 69.50.401(a)(1)(i).

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

BAKER and KENNEDY, JJ., concur.

Reconsideration denied March 30, 1994.