[No. 14217-5-III. Division Three. April 25, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. DANA ERIK MITCHELL, *Appellant*.

*Lewis M. Schrawyer*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Dianne G. Dougherty, Deputy*, for respondent.

SCHULTHEIS, A.C.J. — Dana Mitchell pleaded guilty to delivery of cocaine, but at sentencing challenged the State's use of a prior Washington judgment and sentence to prove he had three prior California convictions. As additional evidence of his criminal history, the State submitted a presentence report listing the convictions and the understanding of defendant's criminal history in the prior Washington case, which listed the California convictions and was signed by both Mr. Mitchell and his attorney. The court ruled the State met its burden of proof by a preponderance of the evidence and used all four prior convictions to determine Mr. Mitchell's offender score. On appeal, he challenges the sufficiency of the State's evidence of the three California convictions.

On May 26, 1993, Spokane police videotaped Mr. Mitchell delivering cocaine to a confidential informant. He was charged by information with the delivery, arraigned and released pending trial. He failed to appear and an arrest warrant was issued. On February 2, 1994, the police apparently caught Mr. Mitchell delivering cocaine again. He was arrested on this second charge and on the 1993 warrant. He entered plea negotiations with the prosecutor, but was concerned about the effect of his criminal history. Mr. Mitchell acknowledged he pleaded guilty in February 1993 to possessing a controlled substance on November 4, 1992 in Spokane, but challenged the State to provide documentation of the three California convictions it also listed as its understanding of his criminal history.[1]

Mr. Mitchell eventually reached a plea agreement with the prosecutor: He would plead guilty to the first offense and the prosecutor would not charge him with the second. In his statement on plea of guilty, he expressly reserves the right to challenge the calculation of his offender score and demands proof of the alleged criminal history, stating "no other history exists." The court accepted the guilty plea and ordered a presentence report to determine Mr. Mitchell's criminal history and any probation violations affecting it.

A sentencing hearing was held July 20, 1994. The State explained it had been unable to obtain from California documentation of the California convictions. Instead, it submitted as proof of their validity the presentence report, the judgment and sentence in the Spokane possession case, and the understanding of the defendant's criminal history in that earlier case, signed by both Mr. Mitchell and his

---

[1]Because the Washington conviction was for possession of a controlled substance, Mr. Mitchell's offender score without the California convictions would be one, RCW 9.94A.360(13); former RCW 9.94A.030(16)(a), and the standard range would be 26 to 34 months, RCW 9.94A.310. The California conviction for selling a controlled substance counted three points, and the two other felony convictions, taking a motor vehicle without permission and escape, counted one point each; thus, his offender score was six and the standard range was 67 to 89 months, RCW 9.94A.360(13), (8); RCW 9.94A.310. Mr. Mitchell did not object to the classification of the California convictions as felonies.

attorney. (None of these three documents are included in the clerk's papers.) The court found, in the absence of proof to the contrary, the third document listing the California convictions and bearing the signatures of Mr. Mitchell and his attorney satisfied the State's burden of proving their existence by a preponderance of the evidence. The court erred.

■ ■ We review a sentencing court's calculation of an offender score de novo. *State v. McCraw*, 127 Wn.2d 281, 289, 898 P.2d 838 (1995). The State must prove the existence of prior out-of-state convictions by a preponderance of the evidence. *State v. Ammons*, 105 Wn.2d 175, 185-86, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); RCW 9.94A.110. The best evidence of a prior conviction is a certified copy of the judgment of conviction, *State v. Descoteaux*, 94 Wn.2d 31, 36, 614 P.2d 179 (1980), but the State may use any documents of record or transcripts of prior proceedings to establish criminal history, *State v. Herzog*, 48 Wn. App. 831, 834, 740 P.2d 380 (1987). When the defendant does not challenge the criminal history presented by the State, the use of prior Washington judgments and sentences satisfies the State's burden. *State v. Cabrera*, 73 Wn. App. 165, 168, 868 P.2d 179 (1994) (citing *Ammons*, 105 Wn.2d at 190).

■ When a defendant objects to the State's use of a Washington judgment to prove the existence of out-of-state convictions, however, as Mr. Mitchell did here, the State is required to present additional evidence to carry its burden of proving the convictions by a preponderance of the evidence. *See Cabrera*, 73 Wn. App. at 169.[2]

The State contends it met its burden by producing not only the prior Washington judgment and sentence, but also Mr. Mitchell's own acknowledgment of his criminal history on a separate document appended to that judg-

---

[2]The State would limit *Cabrera* to challenges to the classification of out-of-state convictions, but the rationale of the court's requirement of additional evidence applies equally when only the existence of out-of-state convictions is challenged.

ment, and a presentence report prepared for sentencing in this case, which confirmed the same criminal history. Because the documents are not before us, we cannot determine their sufficiency.[3] Under these circumstances, we hold the California convictions must be removed from the calculation of Mr. Mitchell's criminal history unless, on remand, the State within 30 days produces sufficient additional evidence to establish their existence. *See State v. Roche*, 75 Wn. App. 500, 514, 878 P.2d 497 (1994).

Reversed and remanded for recalculation of Mr. Mitchell's offender score in a manner consistent with this opinion.

MUNSON and THOMPSON, JJ., concur.

---

[3]We note, however, that if the criminal history in the presentence report is derived from the prior judgment, it would not constitute "additional evidence." And absent a showing by the State that Mr. Mitchell either objected to the criminal history used in the prior proceeding or in fact waived his right to object, so that he would be collaterally estopped from raising the issue now, *see Cabrera*, 73 Wn. App. at 169-70, neither the judgment nor attachments to it would satisfy the State's burden.