[No. 31888-1-II.   Division Two.   July 7, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE LEE
LABARBERA, *Appellant*.

*Mary Katherine Young High*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

¶1 BRIDGEWATER, J. — Lawrence Lee Labarbera appeals from a sentence imposed for his conviction of two counts of first degree rape. At sentencing, Labarbera argued that the State had failed to prove his criminal history. The State responded by submitting a certified copy of a judgment and sentence showing a California conviction and a certified copy of judgment and sentence for two of Labarbera's Pierce County convictions but failed to submit judgment and sentences for his other convictions. Because Labarbera objected to these documents, the State had to provide additional evidence to support the out-of-state convictions. *State v. Cabrera*, 73 Wn. App. 165, 169, 868 P.2d 179 (1994). We also hold that, although certified copies of judgments and sentences would have been preferable for the other two Pierce County convictions, Labarbera's presentence investigation report (PSI) and a District Court Information Systems (DISCIS) printout showing the convictions were reliable documents to prove Labarbera's criminal history by a preponderance of the evidence. We remand for resentencing for a comparability analysis on the record that was before the court at the time of sentencing.

¶2 On October 4, 1999, Lawrence Labarbera kidnapped and raped A.S. A.S. was taken to Mary Bridge Hospital where a rape kit was completed. On November 10, Detective Michael Portman sent vaginal swabs, samples of an unknown substance collected from a bedspread at A.S.'s house, and a towel also collected from A.S.'s house to the Washington State Patrol Crime Laboratory. The crime lab was to compare any unknown DNA (deoxyribonucleic acid)

retrieved from the evidence to DNA samples collected and maintained in the convicted felon databank. The crime lab was unable to find a match but it continued to routinely search the felon database for a match.

¶3 Karen Lindell at the crime lab generated a report showing a DNA match made on July 3, 2002. It showed that the DNA profile taken from the semen found on the vaginal swabs matched Labarbera's profile.

¶4 The State charged Labarbera with first degree kidnapping (count I), first degree rape (count II), first degree rape (count III), and first degree burglary (count IV). On April 19, 2004, the State dismissed counts I and IV because the statute of limitations had expired. That same day, Labarbera waived his right to a jury trial. The parties filed stipulated facts on April 21, and on May 21, the trial court found Labarbera guilty of counts II and III.

¶5 Labarbera's sentencing hearing occurred on June 18. The State recommended a standard range sentence of 236 months for count I, plus 60 months for a firearm enhancement, and 123 months for count II. Labarbera objected to the PSI report because the factual content did not comport with the stipulated facts. He also argued that the State had not proved his underlying criminal history. Labarbera stated that the State did not have judgment and sentences for all his crimes. Labarbera then asked for a sentence of 178 months for count I, plus the 60 months for the firearm enhancement, and 93 months for count II.

¶6 In response to Labarbera's objection to his criminal history, the State filed a sentencing packet. The packet contained a certified copy of a judgment and sentence from California showing a second degree robbery conviction. The State also filed a copy of a judgment and sentence from Pierce County showing second and third degree assault convictions. The Pierce County judgment and sentence listed Labarbera's California conviction and included it in his criminal history. The State told the court that it did not realize that Labarbera planned to object to his other Pierce County convictions, which were possession with intent to

deliver and first degree possession of a firearm. The State handed the court a DISCIS printout reflecting Labarbera's criminal history and also noted that the criminal history was shown in the PSI. The State asked the court to find that the State had proved by a preponderance of the evidence all the prior convictions outlined in the PSI.

¶7 The trial court then asked Labarbera to explain his specific objection to the State's proof regarding his prior criminal history. Labarbera responded that the State had not shown certified copies of all the convictions from Washington. The court then asked the State if it could file judgment and sentences for the remaining prior Washington convictions by the end of the day. Labarbera objected. The court found that the State had proved the existence of Labarbera's convictions for unlawful possession of a firearm and possession with intent to deliver by a preponderance of the evidence. The court then sentenced Labarbera to 200 months for count I, plus the 60 months for the deadly weapon enhancement, and 110 months for count II. Labarbera appeals his sentences.

## I. Evidence of Prior Washington Convictions

¶8 Labarbera first asserts that the State failed to prove his prior Washington convictions to properly calculate his offender score for sentencing. His assertion is meritless.

¶9 In *State v. Ammons,* 105 Wn.2d 175, 186, 713 P.2d 719, 718 P.2d 796, *cert. denied,* 479 U.S. 930 (1986), our Supreme Court held that the use of a prior conviction as a basis for sentencing under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, is constitutionally permissible if the State proves the existence of the prior conviction by a preponderance of the evidence. *See* former RCW 9.94A.110 (2000) (criminal history must be proved by a preponderance of the evidence), *recodified as* RCW 9.94A.500, Laws of 2000, ch. 75, § 8.

¶10 A certified copy of the judgment and sentence is the best evidence of a prior conviction. *Cabrera,* 73 Wn.

App. at 168. If the State cannot obtain a certified copy of the judgment and sentence, it may also introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history. *Cabrera,* 73 Wn. App. at 168.

¶11 Here, the State provided the court with certified copies of judgments and sentences showing Labarbera's convictions for second and third degree assault in Washington. The State provided a copy of Labarbera's PSI and a copy of his criminal history from the DISCIS system to prove Labarbera's additional Washington convictions for possession with intent to deliver and first degree possession of a firearm.

¶12 The PSI and the DISCIS printout are adequate to establish the existence of Labarbera's prior convictions by a preponderance of the evidence, and, thus, the trial court did not err by relying on them to determine Labarbera's offender score.

## II. Out-of-State Convictions

¶13 Labarbera argues that the trial court failed to perform a comparability analysis between his California conviction for second degree robbery and the elements of a comparable Washington offense. We agree that the court failed to conduct a comparability analysis on the record.

¶14 We review a challenge to the classification of an out-of-state conviction de novo. *State v. McCorkle,* 88 Wn. App. 485, 493, 945 P.2d 736 (1997), *aff'd,* 137 Wn.2d 490, 973 P.2d 461 (1999). When prior out-of-state convictions are used to increase an offender score, the State must prove the conviction would be a felony under Washington law. Former RCW 9.94A.360(3) (2000), *recodified as* RCW 9.94A.525, LAWS OF 2000, ch. 28, § 15; *Cabrera,* 73 Wn. App. at 168-69. *See also State v. Duke,* 77 Wn. App. 532, 535-36, 892 P.2d 120 (1995) (foreign conviction could not be included in offender score because State failed to prove underlying conduct met statutory elements under Washing-

ton law). The State bears the burden of establishing the classification of prior out-of-state convictions. *State v. Mc-Corkle*, 137 Wn.2d 490, 495, 973 P.2d 461 (1999).

¶15 To prove that an out-of-state conviction is comparable to a Washington felony in cases where the defendant does not challenge the criminal history presented by the State, the State may introduce Washington judgments that used out-of-state convictions to calculate an offender score. *Cabrera*, 73 Wn. App. at 168-69. But if the defendant objects to the use of those documents as proof of the offenses, the State must present additional evidence of the existence and classification of an out-of-state conviction to satisfy its burden of proving the convictions by a preponderance of the evidence. *Cabrera*, 73 Wn. App. at 169.

¶16 If the existence of prior out-of-state convictions is proved, the sentencing court must properly classify them by comparing the elements of the out-of-state offense with the elements of the arguably comparable Washington felony. *State v. Ford*, 137 Wn.2d 472, 479, 973 P.2d 452 (1999).

¶17 The court must determine the elements of the out-of-state crime and compare them to the arguably comparable Washington felony on the record. *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). It may also inquire into the record of the out-of-state conviction to determine whether the defendant's conduct would have violated a comparable Washington criminal statute when the elements of the out-of-state crime and the Washington crime are not identical or if the offense is defined more narrowly in Washington. *Ford*, 137 Wn.2d at 479. Furthermore, the court may scrutinize an indictment or information in order to determine if the underlying prior conviction satisfies elements of the Washington offense. *Morley*, 134 Wn.2d at 606. Or a sentencing court can look at the statement of defendant on plea of guilty or the judgment and sentence to see if they contain the elements of the foreign offense.

¶18 The State submitted a judgment and sentence from Pierce County that listed Labarbera's California conviction

for second degree robbery. Labarbera objected to the documents submitted by the State. Under *Cabrera*, the State was at that point required to present additional evidence showing the proper classification of the out-of-state conviction for robbery under Washington law. *Cabrera*, 73 Wn. App. at 169. The State presented some documents regarding the California conviction, i.e., a certified copy of a judgment and sentence, a declaration of guilty plea, a warrant of commitment, and an information. But, the sentencing court made no reference to these documents regarding comparability.

¶19 If a defendant fails to object to the calculation of his offender score and the State fails to prove comparability, we remand the case for an evidentiary hearing to allow the State the opportunity to prove the proper classification of the disputed convictions. *Ford*, 137 Wn.2d at 485. But when the defendant objects to the calculation of his offender score and the State does not provide the additional necessary evidence of the comparability of the out-of-state convictions at the time of sentencing, the State is held to the existing record on remand and the defendant is resentenced without including the out-of-state convictions. *Ford*, 137 Wn.2d at 485.

¶20 But where the State presents information relating to comparability and the trial court fails to consider it on the record, we remand for resentencing for comparability analysis based on the information before the court at the original sentencing.[1]

### III. Post-Hearing Filing of Judgments and Sentences

¶21 Labarbera contends the trial court erred when it allowed the State to file copies of the judgments and

---

[1] During the original sentencing hearing, if the State cannot provide sufficient evidence that the out-of-state conviction is comparable to a Washington felony, the trial court shall sentence the defendant without including the out-of-state conviction in the offender score. Alternatively, the trial court may exercise its discretion to continue the sentencing hearing to allow additional preparation time for the required comparability analysis of out-of-state convictions.

sentences for his prior Washington convictions for possession with intent to deliver and first degree possession of a firearm after the sentencing hearing. We do not reach this argument. The record before the sentencing court was sufficient to meet the State's burden to prove the two prior Washington convictions without the certified copies of the judgments and sentences for those convictions.

¶22 We remand for resentencing for a comparability analysis based on the record before the court at the time of sentencing.

HUNT and VAN DEREN, JJ., concur.