[No. 82868-7. En Banc.]
Argued May 18, 2010.    Decided November 18, 2010.

*In the Matter of the Personal Restraint of* VINCENT ADOLPH, *Petitioner.*

558

*David L. Donnan* and *Maureen M. Cyr* (of *Washington Appellate Project*), for petitioner.

*Karl F. Sloan, Prosecuting Attorney for Okanogan County*, for respondent.

¶1 FAIRHURST, J. — Vincent Adolph challenges a sentence enhancement imposed as part of his conviction for vehicular homicide. Adolph asserts that the two-year sentence enhancement he received based on a 1992 driving under the influence (DUI) conviction in Lincoln County was not supported by sufficient evidence. The State asserts that Adolph's personal restraint petition (PRP) is procedurally barred for numerous reasons and also asserts that the record was sufficient to prove the Lincoln County DUI conviction. We hold that Adolph's PRP is not procedurally barred and is properly before this court. But, because sufficient evidence supported the Lincoln County DUI conviction, we deny the PRP.

## I. FACTUAL AND PROCEDURAL HISTORY

¶2 On a foggy night in January 2003, Loretta Aguilar was driving home on a state highway outside Omak when she missed a turn into a driveway. She stopped on the highway, backed up, and turned perpendicular to the roadway so that she was facing the driveway. The evidence shows that Adolph crossed the center line and struck Aguilar's car on the driver's side, killing Aguilar and injuring her passenger. At the hospital, Adolph's blood alcohol level tested at 0.14.

¶3 Adolph was charged with and convicted of vehicular homicide and vehicular assault. With regard to vehicular homicide convictions involving alcohol, RCW 46.61.520(2) imposes two-year sentence enhancements for each prior DUI conviction under RCW 46.61.5055. At Adolph's sentencing hearing, the State presented evidence that Adolph had three prior DUIs. Two Okanogan County DUI convictions were supported by a certified docket and have not been challenged. The third DUI conviction, from Lincoln County, was supported by a certified copy of Adolph's Department of Licensing (DOL) driving record abstract and a copy of a defendant case history from the District and Municipal Court Information System (DISCIS). Adolph objected to the

sufficiency of the record for the Lincoln County DUI conviction. The trial court concluded that the State had met its burden and imposed three separate two-year sentence enhancements for the prior DUIs.

¶4 After the court had announced its sentence, the State submitted a certified copy of the citation for the Lincoln County DUI and a certified copy of the Lincoln County District Court docket that referenced Adolph's DUI. The trial court admitted the documents into the record but explicitly stated that its prior ruling on the existence of the Lincoln County DUI conviction did not rely on the documents.

¶5 Adolph appealed to the Court of Appeals, asserting issues of no relevance here. The Court of Appeals affirmed on the merits, and we denied Adolph's petition for review. *State v. Adolph*, 163 Wn.2d 1030, 185 P.3d 1194 (2008). While his petition for review was pending before this court, Adolph, acting pro se, filed a PRP with the Court of Appeals arguing that the combination of confinement and community custody exceeded the maximum possible sentence. Adolph's PRP was dismissed. He moved for discretionary review before this court, asserting an additional claim that because the two Okanogan DUIs were deferred and the Lincoln County DUI should have washed out, they should not have counted for enhancement purposes. Commissioner Steven Goff denied Adolph's motion.

¶6 Adolph, acting pro se, filed this current PRP in the Court of Appeals on July 21, 2008. He argues that the State provided insufficient evidence to prove the Lincoln County DUI. The Court of Appeals dismissed his petition as successive. Adolph moved for discretionary review before this court and his motion was granted. *In re Pers. Restraint of Adolph*, 166 Wn.2d 1025, 217 P.3d 336 (2009).

## II. ISSUES

¶7 A. Is Adolph's PRP procedurally barred?

¶8 B. Was there sufficient evidence in the trial court record to find by a preponderance that Adolph had been convicted of DUI in Lincoln County?

## III. ANALYSIS

A. Adolph's PRP is properly before this court

¶9 The State asserts that Adolph's PRP is procedurally barred for four reasons: (1) the PRP is untimely, (2) the PRP has failed to state a ground for relief under RAP 16.4(c), (3) the PRP raises issues that could have been raised on appeal, and (4) the PRP is successive or is an abuse of the writ.

*Adolph's PRP is timely*

¶10 The State asserts that Adolph's PRP is untimely. A PRP is untimely if it is not brought within one year of the judgment becoming final. RCW 10.73.090(1). One way a judgment becomes final is when "an appellate court issues its mandate disposing of a timely direct appeal from the conviction." RCW 10.73.090(3)(b). Here, the mandate issued on June 11, 2008. Adolph filed this PRP on July 21, 2008. Therefore, the PRP is well within the one year time limit.

*Review of Adolph's PRP does not violate RAP 16.4(c)*

¶11 The State argues that Adolph's PRP is improper because he has not shown that his restraint is unlawful for one of the reasons in RAP 16.4(c). RAP 16.4 establishes the criteria required to grant a PRP, not to review one. To review the merits of a nonconstitutional error in a PRP, the petitioner must make a threshold showing that he or she is unlawfully detained due to "a fundamental defect which inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Cook*, 114

Wn.2d 802, 812, 792 P.2d 506 (1990). Here, Adolph argues that two years of his sentence were imposed unlawfully because the State did not prove he committed the DUI that triggered the sentence enhancement. We have identified that sentences entered in excess of lawful authority are fundamental defects that result in miscarriages of justice. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868-69, 50 P.3d 618 (2002). Adolph has made a prima facie showing that he suffered a fundamental defect that resulted in a miscarriage of justice and has met the burden to avoid summary dismissal of his PRP. If we were to agree that Adolph's sentence was unlawful, he would satisfy the grounds for relief in RAP 16.4(c)(2) because his sentence would have been entered in violation of the laws of Washington.

*Adolph's failure to raise issues on appeal does not bar his PRP*

¶12 The State argues that Adolph may not challenge the validity of the sentence enhancement by PRP because he failed to raise this issue on direct appeal. This court has rejected the notion that failure to address an issue on appeal bars addressing that same issue in a PRP. *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 87, 660 P.2d 263 (1983) ("We hereby hold the failure to raise a constitutional issue for the first time on appeal is no longer a reason for automatic rejection of a Personal Restraint Petition."); *Cook*, 114 Wn.2d at 812 ("[W]e now reject the automatic bar to advancing a nonconstitutional argument in a personal restraint petition merely because the argument was not advanced earlier."). Instead, we require a heightened standard for collateral attacks where the petitioner had a previous opportunity for judicial review. *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 214, 227 P.3d 285 (2010). Accordingly, Adolph's failure to challenge the sentence enhancement on direct appeal does not bar this PRP.

*Adolph's PRP is neither successive nor an abuse of the writ*

¶13 A petition may be successive under either RCW 10.73.140 or RAP 16.4(d). *In re Pers. Restraint of VanDelft*, 158 Wn.2d 731, 737, 147 P.3d 573 (2006). RCW 10.73.140 applies only to the Court of Appeals. *Id.* The statute calls for dismissal of a PRP where the petitioner has not established good cause why the issues in the current PRP were not raised in an earlier PRP. RCW 10.73.140. Because RCW 10.73.140 applies only to the Court of Appeals, a PRP that is barred as successive in the Court of Appeals may be perfectly cognizable before this court. *In re Pers. Restraint of Perkins*, 143 Wn.2d 261, 265, 19 P.3d 1027 (2001) (citing *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 566, 933 P.2d 1019 (1997)). We have concluded that where the Court of Appeals is barred from reviewing a PRP under RCW 10.73.140, but this court is not barred, the Court of Appeals should transfer the case to this court. *Id.* at 266. Because the chief judge concluded that Adolph's PRP was successive under RCW 10.73.140, the judge should have transferred the PRP to this court. As the PRP is now before this court, and RCW 10.73.140 does not apply to this court, the PRP is not barred as successive under RCW 10.73.140.

¶14 Nor is the PRP barred under RAP 16.4(d). Under RAP 16.4(d), "[n]o more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown." We have construed "similar relief" to mean "(1) where the prior application had been denied on 'grounds previously heard and determined'; or (2) 'if there has been an abuse of the writ.' " *In re Pers. Restraint of Haverty*, 101 Wn.2d 498, 503, 681 P.2d 835 (1984) (quoting *Sanders v. United States*, 373 U.S. 1, 15, 17, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963)). An issue has been " 'previously heard and determined' " when " '(1) [t]he same ground presented in the subsequent application was determined adversely to the applicant on the prior applica-

tion, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.' " *Id.* (alteration in original) (quoting *Sanders*, 373 U.S. at 15).

¶15 In his first PRP, Adolph argued that the combination of his sentence and community custody exceeded the maximum possible sentence for his crime. He also argued that the two Okanogan DUIs should not have counted for enhancement purposes because they were deferred, and the Lincoln County DUI should not have counted because it should have washed out. However, the merits of Adolph's challenge to the enhancements were never reached because Adolph failed to raise the argument in the Court of Appeals. Therefore, Adolph's current challenge to the enhancements has not been previously heard and determined.

¶16 Adolph's PRP is not an abuse of the writ. " '[I]f the [defendant] was represented by counsel throughout postconviction proceedings, it is an abuse of the writ for him or her to raise . . . a new issue that was "available but not relied upon in a prior petition." ' " *In re Pers. Restraint of Turay*, 153 Wn.2d 44, 48, 101 P.3d 854 (2004) (second and third alterations in original) (quoting *In re Pers. Restraint of Jeffries*, 114 Wn.2d 485, 492, 789 P.2d 731 (1990) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986))). Here, Adolph acted pro se in both his first PRP and the current PRP. Because he was not represented by counsel throughout postconviction proceedings, Adolph's failure to raise the current issue in his prior PRP is not an abuse of the writ. We hold Adolph's PRP is not procedurally barred.

B.  Sufficient evidence in the record supports the trial court finding by a preponderance that Adolph had been convicted of DUI in Lincoln County

¶17 Under RCW 46.61.520(2), if a defendant is convicted of vehicular homicide, the defendant shall receive a two-year sentence enhancement for any prior DUI as described in RCW 46.61.5055. A court must conduct a

sentencing hearing before it imposes a sentence. Former RCW 9.94A.500(1) (2001). At the sentencing hearing, a "trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." Former RCW 9.94A.530(2) (2001). The State has the burden of proving prior convictions by a preponderance of the evidence. *State v. Lopez*, 147 Wn.2d 515, 519, 55 P.3d 609 (2002) (citing former RCW 9.94A.110(1) (2000), *recodified as* RCW 9.94A.530(1)). "It is the obligation of the State, not the defendant, to assure that the record before the sentencing court supports the criminal history determination." *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009).

¶18 "The best evidence of a prior conviction is a certified copy of the judgment." *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999) (citing *State v. Cabrera*, 73 Wn. App. 165, 168, 868 P.2d 179 (1994)). "However, the State may introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history." *Id.* The existence of a prior conviction is a question of fact. *State v. Thorne*, 129 Wn.2d 736, 783, 921 P.2d 514 (1996).

¶19 Adolph asserts that in order to prove the prior Lincoln County DUI conviction, the State was required to provide a certified copy of the judgment or explain why the judgment was unavailable. Because the State failed to provide a certified copy of the judgment and failed to explain its unavailability, Adolph argues that the State has failed to establish the existence of the Lincoln County DUI conviction. For this conclusion, Adolph relies on language in *Lopez*. Initially, *Lopez* stated the established principle that " '[t]he best evidence of a prior conviction is a certified copy of the judgment.' " 147 Wn.2d at 519 (quoting *Ford*, 137 Wn.2d at 480). However, the court continued and added, "The State may introduce other comparable evidence only if it is shown that the writing is unavailable for some reason other than the serious fault of the proponent." *Id.* (citing *State v. Fricks*, 91 Wn.2d 391, 397, 588 P.2d 1328 (1979)). A

close look at the *Lopez* language reveals that this latter statement resulted from confusion generated by calling a certified copy of a judgment the "best evidence" of a prior conviction and is, in fact, the product of a misapplication of the so-called best evidence rule.

¶20 The "best evidence" rule, more accurately described as the original writing rule, refers to ER 1001-08. 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 1000.1, at 353 (5th ed. 2007). The rule applies when a party is attempting to prove the contents of a writing. ER 1001-04. The rule typically requires the use of the original writing, or a duplicate, to prove the contents of the writing. ER 1002-03. Because of the confusion associated with referring to the original writing requirement as the "best evidence" rule, it is important to remember that "[t]he rule does not, as a general principle, require a party to establish a fact by the best evidence available." TEGLAND, *supra*, § 1000.1, at 353; *see also* 2 KENNETH S. BROUN ET AL., MCCORMICK ON EVIDENCE § 231, at 87 (6th ed. 2006) ("The only actual rule that the 'best evidence' phrase denotes today is the rule requiring the production of an original writing, recording, or photograph.").

¶21 *Fricks* provides an example of the application of the best evidence rule. John Russell Fricks was found guilty of second degree burglary for stealing money from a gas station. *Fricks*, 91 Wn.2d at 392-94. The manager of the gas station testified that employees maintained a tally sheet where they recorded the day's receipts. *Id.* at 393. Over defense objection, the manager testified that the tally sheet established that the daily receipts on the day of the robbery had been $102. *Id.* The tally sheet was not produced at trial. *Id.* We held that the best evidence rule required the State to provide an original or duplicate of the tally sheet or establish that the tally sheet was unavailable for reasons other than the State's fault. *Id.* at 397. *Fricks* presents a typical application of the best evidence rule because the issue was proving the contents of a writing: to wit, the tally sheet.

¶22 For its conclusion that a conviction must be proved by a certified copy of the judgment, *Lopez* relies on *Fricks. Lopez*, 147 Wn.2d at 519. It is therefore clear that *Lopez* is applying the best evidence rule when it states that a certified copy of the judgment is required to prove the existence of a prior conviction. However, the best evidence rule applies to writings. ER 1001-02. A " '[c]onviction' " is defined as "an adjudication of guilt pursuant to Titles 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9). A verdict, a finding, and an acceptance are all events, not writings. Because proving the existence of an event is different than proving the contents of a writing, the best evidence rule does not apply to proving the existence of a conviction. While a judgment is a writing, a prosecutor is not offering the judgment to prove the contents of that judgment. Instead, the judgment is merely evidence of the existence of a conviction. Consequently, a certified copy of the judgment is not required to prove the existence of a conviction.

¶23 Accordingly, we decline to follow the statement in *Lopez*. The sole issue before the court in *Lopez* was whether the State would have an opportunity on remand to present new evidence of the defendant's alleged prior convictions for delivery of controlled substances and second degree assault. 147 Wn.2d at 519. The record as it existed provided no evidence of those alleged convictions, and the court concluded that the State should be held to that existing record on remand. *Id.* at 520-21. Consequently, the court's statement that a prior conviction must be proved by a certified copy of the judgment was unnecessary to its holding, and we are not bound to follow it.

¶24 Instead, we turn to the standard in *Ford* that we have cited both before and after *Lopez*—the best method of proving a prior conviction is by the production of a certified copy of the judgment, but "other comparable documents of record or transcripts of prior proceedings" are admissible to establish criminal history. *Ford*, 137 Wn.2d at

480; *State v. Vickers*, 148 Wn.2d 91, 120-21, 59 P.3d 58 (2002). The State must establish the conviction's existence by a preponderance of the evidence, but that burden is "not overly difficult to meet" and may be satisfied by evidence that bears some "minimum indicia of reliability." *Ford*, 137 Wn.2d at 480-81. Here, we must determine whether the DOL driving record abstract and the DISCIS defendant case history were sufficient evidence to support the trial court's finding of the Lincoln County DUI conviction.

¶25 The process by which a driving related crime becomes part of a DOL driving record abstract is governed by RCW 46.52.101 and .120. Under the statute, a court, or court clerk, must forward an abstract of each record of conviction from that court, including DUI convictions, to the director of licensing in Olympia. RCW 46.52.101(1)-(2). The abstract must contain, among other things, identifying information of the party, the nature of the offense, and the judgment. RCW 46.52.101(3). The director then compiles "a case record on every motor vehicle driver licensed under the laws of this state . . . showing all the convictions and findings of traffic infractions certified by the courts." RCW 46.52.120(1).[1]

¶26 The DISCIS system "is a case management system used by courts of limited jurisdiction that draws on the [Judicial Information System (JIS)] database and can produce a log of any individual's criminal history for any case in which entries were made into the JIS." *State v.*

---

[1] The dissent argues that a DOL driving record is not reliable because its intended purpose is not to establish the existence of convictions. Dissent at 575. In fact, the statute does contemplate that DOL records will be relied upon in the prosecution of vehicular crimes. RCW 46.52.101(7) states, "The officer, prosecuting attorney, or city attorney signing the charge or information in a case involving a charge of driving under the influence of intoxicating liquor or any drug shall immediately request from the director an abstract of convictions and forfeitures." RCW 46.52.120(2) provides that a driver case record "shall not be admitted into evidence in any court, *except where relevant to the prosecution or defense of a criminal charge*." (Emphasis added.) Furthermore, we have found DOL records to be presumptively reliable in other contexts. *See, e.g.*, *State v. Potter*, 156 Wn.2d 835, 842, 132 P.3d 1089 (2006) (DOL records noting that defendants were driving with a suspended license provided probable cause to believe they were committing a crime by driving).

*Cross*, 156 Wn. App. 568, 588, 234 P.3d 288 (2010) (citing, *JIS Case Management Application for Courts*, WASH. COURTS, http://www.courts.wa.gov/jis (follow "JIS Case Management Systems" hyperlink) (last visited Nov. 15, 2010)). The JIS "is the primary information system for courts in Washington" and "serves as a statewide clearinghouse for criminal history information." *JIS*, WASH. COURTS, http://www.courts.wa.gov/jis (last visited Nov. 15, 2010). Records on the JIS system are added by courts of limited jurisdiction and the superior courts pursuant to rules adopted by the JIS committee. JISCR (JIS Committee Rule) 18. The ability to add records to JIS is limited to court personnel. *Cross*, 156 Wn. App. at 588.

¶27 A DOL driving record abstract and a DISCIS defendant criminal history are thus comparable to a certified judgment and sentence because they are official government records, based on information obtained directly from the courts, and can be created or modified only by government personnel following procedures established by statute or court rule. Here, both the abstract and criminal history reference a conviction for DUI on December 30, 1991 in Lincoln County. There has been no challenge to the authenticity or admissibility of these records. By providing two reliable and independent government records that show Adolph's Lincoln County DUI, the State has provided more than the minimum indicium of reliability necessary to meet its burden. We hold that there was sufficient evidence in the record for the trial court to find by a preponderance that Adolph had been convicted of the Lincoln County DUI. Accordingly, the trial court had the authority to impose the two-year sentence enhancement. We deny Adolph's PRP.

IV. CONCLUSION

¶28 We hold that Adolph's PRP is properly before this court. However, we conclude sufficient evidence in the record supports the trial court finding that Adolph was convicted of DUI in Lincoln County. We hold that the trial

court had authority to impose the two-year sentence enhancement and deny Adolph's PRP.

Madsen, C.J., and C. Johnson, Alexander, Chambers, Owens, J.M. Johnson, and Stephens, JJ., concur.

¶29 Sanders, J. (dissenting) — I agree Vincent Adolph's personal restraint petition is not procedurally barred and is properly before the court. However, because the State's evidence was not comparable to a certified copy of the judgment and sentence and was insufficient to prove the Lincoln County DUI[2] conviction, I dissent.

*The State must present evidence comparable to a certified copy of the judgment and sentence of a prior conviction.*

¶30 At sentencing "the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing . . . ." Former RCW 9.94A.530(2) (2005).[3] The State bears the burden to prove prior convictions for purposes of sentence enhancements by a preponderance of the evidence. *State v. Lopez*, 147 Wn.2d 515, 519, 55 P.3d 609 (2002); *see also In re Pers. Restraint of Williams*, 111 Wn.2d 353, 357, 759 P.2d 436 (1988) ("[I]t [is] inconsistent with the principles underlying our system of justice to sentence a person on the basis of crimes that the State either could not or chose not to prove.").

¶31 " 'The best evidence of a prior conviction is a certified copy of the judgment.' " *Lopez*, 147 Wn.2d at 519 (quoting *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999)). "[O]ther comparable documents of record or transcripts of prior proceedings" may also be sufficient to prove the prior

---

[2] "[D]riving under the influence of intoxicating liquor or any drug . . . ." RCW 46.61.502(1).

[3] Former RCW 9.94A.530(2) had an effective date of April 15, 2005. Mr. Adolph's trial began May 31, 2005, and his sentencing hearing occurred September 19, 2005.

conviction. *Ford,* 137 Wn.2d at 480. The State bears the burden of showing the comparable evidence bears " 'some minimal indicium of reliability beyond mere allegation.' " *United States v. Ibarra,* 737 F.2d 825, 827 (9th Cir. 1984) (quoting *United States v. Baylin,* 696 F.2d 1030, 1040 (3d Cir. 1982)); *see also State v. Mendoza,* 165 Wn.2d 913, 920, 205 P.3d 113 (2009); *Ford,* 137 Wn.2d at 481.

¶32 Comparable evidence is generally another court-certified record. *See, e.g., State v. Chandler,* 58 Wn. App. 1, 7, 240 P.3d 159 (2010) (finding certified copies of court docket sheets and a certified copy of the defendant's driver's license sufficient evidence of a prior conviction); *State v. Aronhalt,* 99 Wn. App. 302, 306, 310, 994 P.2d 248 (2000) (finding adequate certified verdict forms, judgments, clerk minute entries, or court orders submitted to prove each conviction). *But see State v. Winings,* 126 Wn. App. 75, 92, 107 P.3d 141 (2005) ("While [the documents presented by the State] appear to be certified, this determination is immaterial." (footnote omitted)). Moreover, presenting or referring to "uncertified or unauthenticated photocopies of apparent or purported court records . . . represents a 'loose practice' which we do not condone." *In re Pers. Restraint of Connick,* 144 Wn.2d 442, 455, 28 P.3d 729 (2001) (criticizing the use of uncertified and unauthenticated copies at sentencing).

¶33 Yet a certified court record is not necessarily sufficient. The State may satisfy its burden to prove a prior offense by presenting a certified copy of a judgment and sentence reflecting a prior conviction in the defendant's criminal history or offender score calculation, but only if the defendant does not object to the use of the document. *State v. Cabrera,* 73 Wn. App. 165, 168-69, 868 P.2d 179 (1994). If the defendant objects, the State must produce additional evidence to prove the existence of the prior conviction. *State v. Mitchell,* 81 Wn. App. 387, 390 n.2, 914 P.2d 771 (1996).

¶34 Where the State has established a defendant's prior conviction by a preponderance of the evidence using documents other than certified Washington court records, other

indicia of the evidence's reliability were present. *State v. Vickers*, 148 Wn.2d 91, 120, 59 P.3d 58 (2002) (finding sufficient a docket sheet from a Massachusetts court, signed by the judge and attested as a true copy by a court clerk); *State v. Morley*, 134 Wn.2d 588, 611, 952 P.2d 167 (1998) (finding the State established a prior conviction by presenting an entire court-martial record, including a stipulation of facts signed by the defendant and a transcript of the court-martial judge questioning the defendant on the underlying facts of the prior conviction); *State v. Blunt*, 118 Wn. App. 1, 5, 8-9, 71 P.3d 657 (2003) (finding a district court docket printout, bolstered by a court administrator's testimony, sufficient evidence of a prior DUI conviction).

*The State's evidence of the Lincoln County DUI was not comparable to a certified copy of the judgment and sentence.*

¶35 The State presented a certified copy of Adolph's Washington State Department of Licensing (DOL) driving record abstract and a copy of a defendant case history from DISCIS[4] to establish the Lincoln County DUI conviction. These were not certified court records. The question, then, is whether the documents contained other indicia of reliability, sufficient to make them comparable to a certified copy of the judgment and sentence, the "best evidence" of a prior conviction.

¶36 The majority gives a cursory explanation of the documents' reliability. Courts and court clerks across the state forward records of driving-related convictions to the director of licensing. RCW 46.52.101(1), (2). The director compiles a case record for every driver. RCW 46.52.120(1). The DISCIS database is a case management system. It "serves as a statewide clearinghouse for criminal history information." *Washington Courts Judicial Information System (JIS)*, WASH. COURTS, http://www.courts.wa.gov/jis/ (last visited Nov. 15, 2010). Only court personnel can add records to the DISCIS database. *State v. Cross*, 156 Wn. App. 568, 588, 234 P.3d 288 (2010).

---

[4] District and Municipal Court Information System.

¶37 Two courts have accepted a DISCIS printout to establish the existence of a prior conviction by a preponderance. In *State v. Labarbera*, 128 Wn. App. 343, 348, 115 P.3d 1038 (2005), the State met its burden by presenting a DISCIS printout and a presentence investigation report (PSI). The Department of Corrections prepares a presentence report containing the defendant's criminal history pursuant to CrR 7.1(b). The PSI is specifically intended to provide relevant information to sentencing courts. *See* CrR 7.1(b).

¶38 In contrast, DOL driving records are intended to promote highway safety. *See State v. Harlow*, 85 Wn. App. 557, 563-64, 933 P.2d 1076 (1997). They are confidential records, accessible by state patrol officers, police officers, and traffic safety commission personnel. RCW 46.52.120(2). A driving record abstract, as was introduced by the State to prove the Lincoln County DUI, is available to a wider class of people. *See* RCW 46.52.130. Insurers, employers, and drug treatment programs approved by the Department of Social and Health Services may access driving record abstracts. *Id.* City and county prosecuting attorneys may access an individual's driving record abstract, but nothing in the statute allows prosecutors to introduce the abstract as proof of a prior conviction. *See* RCW 46.52.130(1)(h).

¶39 The statute did not intend Adolph's DOL driving record abstract to establish in court the existence of the Lincoln County DUI conviction. The DOL driving record abstract depends on a correct report of a driving-related conviction from the court and a correct compilation of reports by the director of licensing. *See* RCW 46.52.101(1)-(2), .120(1). In a document that is at least two steps removed from the original conviction, there is an unreasonable risk of error.[5] *See City of Redmond v. Moore*, 151 Wn.2d 664, 673,

---

[5] The majority is correct that "we have found DOL records to be presumptively reliable in other contexts." Majority at 569 n.1. Specifically, we have found DOL records sufficient to give police probable cause to arrest a driver for driving with a suspended license. *State v. Potter*, 156 Wn.2d 835, 842, 132 P.3d 1089 (2006); *State v. Gaddy*, 152 Wn.2d 64, 70, 93 P.3d 872 (2004). The consequence of allowing

91 P.3d 875 (2004) (describing examples in the record where the DOL erroneously suspended drivers' licenses based on misinformation of prior convictions or infractions provided by the courts). Unlike a certified copy of a judgment and sentence, a document intended to establish the existence of the conviction, the DOL driving record abstract is not reliable for that purpose.[6]

¶40 In *Cross* the State met its burden by presenting only a DISCIS printout to establish the existence of a prior conviction for third degree assault. 156 Wn. App. at 588-89. The court stated, "The validity and reliability of criminal history reports generated from information in the JIS, such as DISCIS reports, is secure because only Washington State court personnel have access to the JIS to input case information. As such, the reports generated from the JIS are an official court record." *Id.* at 588.

¶41 However, the fact that a document contains information originating in the courts does not make it comparable

---

a DOL record to serve as the basis for probable cause is an arrest that may never lead to prosecution or may be challenged in court. In contrast, the consequence of allowing a DOL record to serve as proof of a prior conviction is an increased prison sentence. This greater consequence requires a higher standard of reliability, as our case law demonstrates by requiring a certified copy of the judgment and sentence of a prior conviction or comparable evidence.

[6] Similarly, in *State v. Rivers*, 130 Wn. App. 689, 704, 128 P.3d 608 (2005), the court found certified copies of Washington State Patrol records, containing uncertified copies of the defendant's judgment and sentence from a prior conviction, were intended to be used to prove the identity of the defendant, not to serve as proof of the prior conviction.

The majority claims RCW 46.52.101(7) "contemplate[s] that DOL records will be relied upon in the prosecution of vehicular crimes." Majority at 569 n.1. The majority also cites RCW 46.52.120(2), allowing a driver case record to be admitted where relevant in a criminal case. *Id.* RCW 46.52.101(7)'s requirement that prosecuting attorneys in DUI cases request DOL abstracts does not bolster the driving records' reliability at sentencing, it merely requires prosecutors to take the first step toward determining if the defendant has a prior driving-related conviction. RCW 46.52.101(7) and RCW 46.52.120(2) allow prosecutors to use DOL records, but they do not imply DOL abstracts are comparable to a certified copy of a judgment and sentence or sufficient to prove a prior conviction by a preponderance. I do not dispute DOL records might be useful in the prosecution of driving-related crimes, but their usefulness does not negate the State's duty to introduce a certified copy of the judgment and sentence of a prior conviction or other comparable evidence.

to a certified copy of a judgment and sentence.[7] *See State v. Rivers*, 130 Wn. App. 689, 704, 128 P.3d 608 (2005) (finding insufficient a judgment and sentence including a previous conviction in the defendant's criminal history and finding insufficient Washington State Patrol records containing uncertified copies of a judgment and sentence from a previous conviction). Relying on the JIS web site, neither the majority nor *Cross* describes any procedural safeguards to ensure a DISCIS printout does not contain wrong information or mistakes by the various court personnel with access. Moreover, unlike a certified copy of a judgment and sentence, where the defendant saw the original and may access a copy, the full DISCIS printout is an internal court document.

¶42 The State did not make a showing that the DISCIS printout or the DOL driving record abstract was comparable to a certified copy of a judgment and sentence. The State did not meet its burden to show these documents bore " 'some minimal indicium of reliability.' " *Ibarra*, 737 F.2d at 827 (quoting *Baylin*, 696 F.2d at 1040). The State's burden to prove prior convictions under the Sentencing Reform Act of 1981, chapter 9.94A RCW, is "not overly difficult to meet," but the State expressly bears the ultimate burden. *Ford*, 137 Wn.2d at 480. "Sentencing is a critical step in our criminal justice system. The fact that guilt has already been established should not result in indifference to the integrity of the sentencing process. . . . To uphold procedurally defective sentencing hearings would send the wrong message to trial courts, criminal defendants, and the public." *Id.* at 484. Where the State introduces evidence that is not comparable to a certified copy of a judgment and sentence, the State has not proved the existence of a prior conviction by a preponderance.

---

[7] The majority also makes this assumption, stating, "A DOL driving record abstract and a DISCIS defendant criminal history are thus comparable to a certified judgment and sentence because they are official government records, based on information obtained directly from the courts, and can be created and modified only by government personnel following procedures established by statute or court rule." Majority at 570.

¶43 I would remand for resentencing. On remand, because Adolph objected to the evidence presented to establish the Lincoln County DUI conviction, the State should be held to the evidence on record used by the sentencing judge. *See id.* at 485 ("[W]here the disputed issues have been fully argued to the sentencing court, we would hold the State to the existing record, excise the unlawful portion of the sentence, and remand for resentencing without allowing further evidence to be adduced.").

¶44 I dissent.