# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 740351-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| GWEN LYNN ARDREY | ) | |
| AKA GWEN LYNN GUTIERREZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 28, 2016 |
| | ) | |

MANN, J. — Gwen Lynn Ardrey appeals the imposition of a mandatory 24-month enhancement to her sentence for vehicular homicide after the trial court found she had committed a prior offense pursuant to RCW 46.61.520(2) and RCW 46.61.5055. Ardrey asserts that her prior conviction for reckless driving, reduced from a DUI after successfully completing a Stipulated Order of Continuance (SOC), was not proven by a preponderance of the evidence and is unconstitutional. The State presented sufficient evidence to prove by a preponderance of the evidence that Ardrey had a prior conviction. The trial court's finding that Ardrey committed a prior offense was supported by substantial evidence. Similarly, the trial court did not err in concluding that the

defendant did not establish that the prior offense was unconstitutional "on its face." We affirm.

## FACTS

Gwen Lynn Ardrey was charged by information in King County Superior Court with vehicular homicide (Driving Under the Influence), alleged to have occurred on or about June 8, 2014. Ardrey pleaded guilty as charged on April 22, 2015.

During sentencing, the State offered that Ardrey was previously convicted of reckless driving, reduced from a 2008 charge of driving under the influence (DUI), in 2010 in Pacific Municipal Court after a diversionary two-year SOC. The prior conviction triggered imposition of a mandatory 24-month enhancement to Ardrey's offender score at sentencing for vehicular homicide. To prove the existence of the conviction, the State presented two certified documents: Ardrey's state driver's licensing record and the Pacific Municipal Court docket for Ardrey's case. Ardrey also provided a transcript from a hearing from October 2008 at which Ardrey and the City of Pacific entered into SOC.

The driving record showed a "conviction" for reckless driving in 2010 in Pacific Municipal Court stemming from a 2008 violation. The driving record indicated that the reckless driving conviction was "reduced," and that Ardrey had refused a breath or blood test in 2008.

The Pacific Municipal Court docket lists the court events between Ardrey's DUI arrest and her eventual conviction for reckless driving. On July 3, 2008, Ardrey was booked into the King County Correctional Facility then released subject to several conditions, including that she not possess or consume drugs or alcohol. On July 16, 2008, Ardrey and her attorney appeared at an arraignment hearing before Judge

Rochon. Ardrey pleaded not guilty to the DUI charge. On October 1, 2008, Ardrey and her attorney appeared before Judge Rochon to sign a SOC stating that if Ardrey abides by certain conditions, the DUI charge would be amended to reckless driving. On October 1, 2010, the municipal court found that Ardrey had complied with the conditions set and Judge Rochon amended the charge to reckless driving and entered a "finding/judgment of guilty" for the reckless driving charge. The docket also listed Ardrey's attorney. The docket does not indicate whether Ardrey or her attorney were present at the time of the final judgment. A handwritten notation on the docket stated that the case records were "destroyed" in 2013.[1]

Ardrey stipulated in her plea agreement that she had a prior reckless driving charge that was amended from a DUI in Pacific Municipal Court. However, Ardrey filed a motion to exclude the reckless-driving conviction from the sentencing calculation contending that (1) the "State cannot establish that the charge was actually reduced to a conviction" because "none of the court documents survive," including the "SOC agreement" and the "stipulated facts;" and (2) the conviction was constitutionally invalid because Ardrey was not present for the stipulated facts trial and there was no record of her waiving her right to be present when the court entered the judgment and sentence on the SOC.[2]

On September 10, 2015, the sentencing court imposed a low-end standard range sentence of 78 months for the vehicular homicide plus the mandatory 24-month

---

[1] Clerk's Papers (CP) at 83.
[2] CP at 36-37.

enhancement based on the court's finding of a prior alcohol-related reckless driving conviction, for a total of 102 months in prison. Ardrey timely appealed.

## ANALYSIS

If a defendant is convicted of vehicular homicide under RCW 46.61.520(1)(a), the defendant shall receive a two-year sentence enhancement for any prior offense as described in RCW 46.61.5055. RCW 46.61.520(2). A conviction for reckless driving, when amended from DUI, qualifies as a prior offense for this enhancement. RCW 46.61.5055(14)(a)(xii).

The existence of a prior conviction is a question of fact. In re Pers. Restraint of Adolph, 170 Wn.2d 556, 566-67, 243 P.3d 540, 546 (2010). The State must prove the existence of a prior conviction by a preponderance of the evidence. State v. Rivers, 130 Wn. App. 689, 697, 128 P.3d 608 (2005) (citing State v. Lopez, 147 Wn.2d 515, 159, 55 P.3d 609 (2002). The factual question of whether the prior conviction exists and is a conviction of the defendant is reviewed for substantial evidence. State v. McCorkle, 88 Wn. App. 485, 492-93, 945 P.2d 736 (1997). "Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded rational person of the truth of the finding." State v. Finch, 137 Wn.2d 792, 856, 957 P.2d 967 (1999).

Ardrey first contends that the State failed to meet its burden of proving that a prior conviction for reckless driving exists. The State's burden of establishing the conviction's existence by a preponderance of the evidence "is 'not overly difficult to meet' and may be satisfied by evidence that bears some 'minimum indicia of reliability.'" Adolph, 170 Wn.2d at 568-69 (quoting State v. Ford, 137 Wn.2d 472, 480, 973 P.2d 452

(1999)). While a certified copy of the judgment and sentence would be the best means of proving a prior conviction, "'other comparable documents of record or transcripts of prior proceedings' are admissible to establish criminal history." Adolph, 170 Wn.2d at 568-69 (quoting Ford, 137 Wn.2d at 480).

The State provided a copy of Ardrey's department of licensing (DOL) record. For a driving related crime to become a part of a DOL driving record the court must forward an abstract containing identifying information of the party, the nature of the offense, and the judgment of each record of conviction from that court, including DUI convictions, to the director of licensing in Olympia. Adolph, 170 Wn.2d at 569 (citing RCW 46.52.101(1)-(3)). "The director then compiles a case record on every motor vehicle driver licensed under the laws of this state . . . showing all the convictions and findings of traffic infractions certified by the courts." Adolph, 170 Wn.2d at 569. Ardrey's DOL record lists a reckless driving conviction that was "reduced," and indicated that in 2008 Ardrey had refused a breath or blood test.

The State also provided the Pacific Municipal Court docket for Ardrey's case. This docket lists specific dates and schedules relating to Ardrey's case and states that on October 1, 2010, the court found that Ardrey had complied with the conditions set and entered a "finding/judgment of guilty" for the reckless driving charge.

The Washington Supreme Court found that a "DOL driving record abstract and a [District and Municipal Court Information System] criminal history are . . . comparable to a certified judgment and sentence because they are official government records, based on information obtained directly from the courts, and can be created or modified only by government personnel following procedures established by statute or court rule."

Adolph, 170 Wn.2d at 570. Similar in Adolph, the documents provided in this case are reliable and independent government records that show that Ardrey was convicted of reckless driving, reduced from a DUI. There was no challenge to the authenticity or admissibility of these records. Therefore, the State provided the minimum indicium of reliability necessary to meet its burden.

Ardrey next contends that the prior conviction for reckless driving is unconstitutional "on its face." The State does not have the affirmative burden of proving the constitutional validity of a prior conviction before it can be used in a sentencing proceeding. State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719 (1986). However, "a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered." Ammons, 105 Wn.2d at 187-88. A prior conviction is constitutionally invalid "on its face" when the conviction "without further elaboration evidences infirmities of a constitutional magnitude." Ammons, 105 Wn.2d at 187-88. The trial court must be able to make this determination without having to go beyond the verdict, sentence, and judgment. Ammons, 105 Wn.2d at 189.

"It is well settled that the State is not required to prove the constitutional validity of prior convictions used to calculate a defendant's offender score on a current conviction." State v. Irish, 173 Wn.2d 787, 789, 272 P.3d 207 (2012) (citing Ammons, 105 Wn.2d at 187-88). The defendant has no right to contest a prior conviction at a subsequent sentencing. Ammons, 105 Wn.2d at 188. Instead, "[t]he defendant must use established avenues of challenge provided for post-conviction relief. A defendant

who is successful through these avenues can be resentenced without the unconstitutional conviction being considered." Ammons, 105 Wn.2d at 188.

Ardrey contends that because the docket does not indicate that she and her attorney were present at the sentencing, the conviction is unconstitutional "on its face" as there is no evidence that was present or she waived her right to be present for the final judgment. In Ammons, two defendants challenged the use of their prior guilty plea convictions because the pleas themselves did not reflect that constitutional safeguards were provided. The court found that the defendants "may have a valid argument that [their] prior conviction was unconstitutional. However, such a determination cannot be made from the face of the guilty plea form." Ammons, 105 Wn.2d at 189. While the plea form did not state that the defendants were informed of their rights, there was also no indication that they were not. "[A]bsent such an affirmative showing, [the defendant] 'must pursue the usual channels for relief.'" State v. Thompson, 143 Wn. App. 861, 867, 181 P.3d 858 (2008) (quoting Ammons, 105 Wn.2d at 189).

In this case, the evidence used to demonstrate Ardrey's conviction does not show on its face that Ardrey's constitutional rights were violated. The docket does not indicate whether Ardrey was or was not present for the final judgment and sentencing. Consequently the trial court would be required to look to additional evidence to find that she had not been present at the judgment and sentencing. The trial court would then need to look to additional evidence to determine if, in the SOC, Ardrey had waived her constitutional right to be present at trial or had agreed to have the court enter a verdict for the lesser charge at the end of the two years. State v. Herron, 183 Wn.2d 737, 743, 356 P.3d 709, 712 (2015) (A defendant can knowingly, voluntarily, and intelligently

waive their constitutional rights). Because the trial court could not determine the constitutionality of the prior conviction from the face of the evidence, the sentencing proceeding was not the proper place for the defendant's challenge. If Ardrey seeks to challenge the validity of the 2010 conviction, her recourse is to challenge that conviction. Allowing Ardrey to challenge the 2010 conviction in connection with her current sentencing is contrary to Ammons.

Appellate Costs

This court has discretion to deny an award of appellate costs if the State substantially prevails on appeal. RCW 10.73.160(1); State v. Sinclair, 192 Wn. App. 380, 393, 367 P.3d 612 (2016), review denied, 185 Wn.2d 1034, 377 P.3d 733 (2016); RCW 10.73.160(1); RAP 14.2. Ardrey requests that we exercise our discretion to deny appellate costs. The trial court judge in this case granted an order of indigency on appeal. RAP 15. Once the trial court grants an order of indigency, this court will respect the presumption of continued indigency throughout review "unless we are shown good cause not to do so."[3] Sinclair, 192 Wn. App. at 393. At this time, there is no trial court order finding that Ardrey's financial condition has improved or is likely to improve. On the contrary, the trial court recently imposed $12,092.96 in restitution. After considering the factors addressed in Sinclair, and Ardrey's current financial situation, we determine that no appellate costs should be awarded to the State.

---

[3] RAP 15.2(f): "The appellate court will give a party the benefits of an order of indigency throughout the review unless the trial court finds the party's financial condition has improved to the extent that the party is no longer indigent."

Affirmed.

WE CONCUR:

_____
Mann, J.

_____

_____
Appelwick, J.