# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | DIVISION ONE |
| Respondent, | No. 82335-3-I |
| v. | UNPUBLISHED OPINION |
| JEFFREY JOSEPH THOMAS, | |
| Appellant. | |

DWYER, J. — Jeffrey Thomas appeals from the judgment entered on convictions for assault in the first degree, possession of heroin, and unlawful possession of a firearm in the first degree. Thomas contends—and the State concedes—that the heroin possession conviction must be vacated in accordance with State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021), and that he is entitled to resentencing without the vacated heroin possession conviction included in his offender score. Further, Thomas asserts that at resentencing his offender score should not include several other prior convictions. We accept the State's concessions, vacate the heroin possession conviction, and remand for resentencing. We affirm the trial court's inclusion of the other prior convictions in Thomas's offender score.

I

Jeffrey Thomas was convicted of assault in the first degree, possession of heroin, and unlawful possession of a firearm in the first degree. Thomas was

initially sentenced to a low-end standard range of 300 months, based on an offender history that included a 2009 conviction for attempted simple robbery in Louisiana, which was not comparable to a Washington felony. Thomas challenged the inclusion of the Louisiana conviction in his offender score on appeal, and we remanded the case for resentencing without consideration of the Louisiana conviction. State v. Thomas, No. 77846-3-I, slip op. at 14-15 (Wash. Ct. App. Dec. 16, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/778463.pdf.

On remand, in January 2021, the sentencing court imposed a low-end standard range sentence of 269 months based on the recalculated offender score.

Thomas again appeals.

II

Thomas challenges his conviction for possession of heroin. He contends, and the State concedes, that the conviction must be vacated under Blake, 197 Wn.2d at 195, in which our Supreme Court held Washington's felony possession statute, former RCW 69.50.4013, unconstitutional. Further, Thomas avers (and again, the State concedes) that because the conviction affected his offender score on two other counts, he is entitled to resentencing on those two counts with recalculated offender scores. We accept the State's concessions and remand to the trial court to vacate the possession of a controlled substance conviction and resentence Thomas with recalculated offender scores.

III

Thomas further contends that his recalculated offender scores should omit convictions from 2007 and 2008 for failure to register as a sex offender. This is so, he avers, because the offender scores used to determine his sentences for those convictions erroneously included, respectively, a misdemeanor juvenile offense and the 2009 Louisiana offense at issue in his first appeal. We disagree.

A standard range sentence is determined through a mathematical formula, the inputs for which are a defendant's offender score and the offense seriousness score of the crime(s) of which he or she was convicted. RCW 9.94A.530(1). The offender score is a sum of points, representing past and current offenses, accrued by the defendant as determined by the trial court at the date of the sentencing hearing pursuant to RCW 9.94A.525.

The State is required to prove the existence of prior convictions by a preponderance of the evidence. In re Pers. Restraint of Adolph, 170 Wn.2d 556, 566, 243 P.3d 540 (2010). The best evidence of a prior conviction is a certified copy of the judgment. State v. Witherspoon, 180 Wn.2d 875, 898, 329 P.3d 888 (2014).

Here, the State proved the existence of Thomas's convictions for failure to register as a sex offender in 2007 and 2008 by providing certified copies of the judgments and sentences. Thomas avers that the sentences resulting from these convictions were erroneous but, even accepting his assertions, the convictions themselves remain valid, and the judgments and sentences provided adequately proved the existence of the convictions.

Furthermore, the State is not responsible for proving the underlying constitutional validity of those convictions. State v. Ammons, 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796 (1986). A "defendant has no right to contest a prior conviction at a subsequent sentencing. To allow an attack at that point would unduly and unjustifiably overburden the sentencing court. The defendant has available[ ] more appropriate arenas for the determination of the constitutional validity of a prior conviction." Ammons, 105 Wn.2d at 188.

An exception exists when the prior conviction is facially invalid—meaning that the conviction, "without further elaboration evidences infirmities of a constitutional magnitude." Ammons, 105 Wn.2d at 188.

As we have explained, the 2007 and 2008 convictions are not facially invalid—in fact, Thomas does not provide us with reason to believe the convictions are invalid at all. Potential miscalculations in the offender scores used to determine sentences for those convictions are legal errors for which Thomas might have sought relief on direct appeal or in a personal restraint petition. But such errors, if they exist, do not result in facially invalid convictions which should not be included in Thomas's offender score. Accordingly, Thomas is not entitled to omission of the 2007 and 2008 convictions on remand.

Affirmed in part, reversed in part, and remanded.

No. 82335-3-I 5

WE CONCUR:

_____     _____
Verellen, J.                         Appelwick, J.