IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 35618-3-III |
| | ) | |
| JOE ANTHONY MATA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

FEARING, J. — In this personal restraint petition, Joe Mata asks that we reverse convictions for first degree robbery on the basis of collateral estoppel. He contends the State of Washington was collaterally estopped from convicting him of the crimes because of an acquittal on charges for unlawful possession of a firearm in an earlier prosecution. We disagree and dismiss Mata's petition.

FACTS

The State of Washington, in two discrete venues, prosecuted Joe Mata for a string of crimes occurring on July 28, 2009. Early that morning in Yakima County, someone stole a 1993 Dodge Caravan, with license plate 864-ROW, belonging to Luz Garcia. At midmorning, a man and a woman left a Union Gap restaurant without paying their food bill. The restaurant manager reported the theft of food to the county sheriff's office.

At 10:40 a.m., on July 28, 2009, the driver of Luz Garcia's maroon Dodge Caravan, license plate 864-ROW, robbed Zachary Sisneros at gunpoint and snatched his money, wallet, and cell phone. Sisneros was then delivering bottled water to a customer. Sisneros reported the robbery to law enforcement and relayed his belief that the robber held a .40 or .45 caliber semiautomatic pistol. Sisneros described his robber.

At 6:30 p.m. on July 28, Shaun Kroeger and Jacob McDonald left a grocery store in Union Gap's sister city, Yakima. On the pair's return to McDonald's pickup truck, a man confronted Kroeger and demanded that Kroger surrender "'everything you got.'" *State v. Mata*, 180 Wn. App. 108, 111, 321 P.3d 291 (2014). Kroeger handed the man his wallet after the man flashed a gun and threatened to kill Kroeger if he refused. McDonald saw the gun in the thief's hand and Kroeger's relinquishing of his wallet. The man demanded McDonald's money, but McDonald refused and walked away.

2

Shaun Kroeger and Jacob McDonald called police to report the incident as the robber scurried. The pair reported that the man drove a red van, license plate 864-ROW. Kroeger gave a description of a man similar to the description conveyed by Zachary Sisneros.

At 11:15 p.m., on July 28, 2009, Pierce County Sheriff Deputy Robert Glen Carpenter researched, on a state database, license plates of traffic leaving State Route 512. He saw a maroon van, license plate 864-ROW, and checked the plate number on his computer. Deputy Carpenter received an alert from the National Crime Information Center informing him of the stolen status of the car and warning the deputy to treat the driver as armed and dangerous. Deputy Carpenter overtook the Dodge Caravan driven by Joe Mata and with Christina Barrientes as passenger. Deputy Carpenter and officers in another patrol car activated their respective emergency lights. Mata accelerated and ran a red light, while the law enforcement officers followed in a high speed chase.

During the pursuit, Joe Mata crashed the Dodge Caravan and unsuccessfully attempted to hide in a building. Law enforcement's search of the van revealed a loaded .45 caliber handgun, a wallet belonging to Shaun Kroger, a wallet belonging to Zachary Sisneros, ignition parts, and a screwdriver. Joe Mata had earlier garnered at least one felony conviction such that the law precluded his possession of a firearm.

3

Law enforcement concluded that Joe Mata had stolen Luz Garcia's Dodge Caravan, failed to pay the bill at the Union Gap restaurant, robbed Zachary Sisneros, robbed Shaun Kroeger, and attempted to rob Jacob McDonald. The State of Washington prosecuted, in both Pierce County and Yakima County, the July 28, 2009, alleged crimes of Joe Mata. *See* Petitioner's Reply Br. Appx. at 1-4, 15-17. The State tried the Pierce County charges first.

Charges filed in Pierce County included knowingly possessing a stolen motor vehicle, attempting to elude a pursuing police officer, first degree unlawful possession of a firearm, malicious mischief in the first degree, obstructing a law enforcement officer, and second degree assault. The charge of unlawful possession of a firearm read:

> That JOE ANTHONY MATA, in the State of Washington, on or about the 28th day of July, 2009, did unlawfully, feloniously, and knowingly own, have in his possession, or under his control a firearm, he having been previously convicted in the State of Washington or elsewhere of a serious offense, as defined in RCW 9.41.010(12).

Petitioner's Reply Br. Appx. at 2. The Pierce County Superior Court instructed the jury:

> To convict the defendant of the crime of unlawful possession of a firearm in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 28th day of July, 2009, the defendant knowingly had a firearm in his possession or control;
> (2) That the defendant had previously been convicted of a serious offense; and

4

> (3) That the possession or control of the firearm occurred in the State of Washington.

Petitioner's Reply Br. Appx. at 43.

The Pierce County jury acquitted Joe Mata of the first degree unlawful possession of a firearm charge. Petitioner's Reply Br. Appx. at 18-20. The jury rendered a general verdict, which read: "We, the jury, find the defendant Not Guilty of the crime of unlawful possession of a firearm in the first degree as charged in Count III." Our record includes no trial transcript from the Pierce County trial. Our record does not describe the firearm that the State alleged Mata possessed on July 28. Our record does not disclose what evidence the State presented in support of the charge of unlawful possession of a firearm.

The State of Washington, in the Yakima County prosecution, charged Joe Mata with two counts of first degree robbery while armed with a deadly weapon, one count of attempted first degree robbery, and one count of first degree unlawful possession of a firearm. Petitioner's Reply Br. Appx. at 18. The jury convicted Mata of the two counts of robbery and the count of unlawful possession of a firearm.

Joe Mata appealed his Yakima County convictions for robbery and first degree unlawful possession of a firearm. This appeals court determined that, in both counties, the unlawful firearm charges stemmed from the discovery of the .45-caliber handgun on the floorboard of Mata's car. *State v. Mata*, 180 Wn. App. at 120 (2014). This court

5

deemed the crime of unlawful possession of a firearm to entail a course of conduct. We employed the unit of prosecution analysis for double jeopardy. Since the State never presented evidence of an intervening act that separated Joe Mata from the possession of the handgun from the time he occupied Yakima County to the time that he entered Pierce County, this court ruled that, under double jeopardy principles, the acquittal by a Pierce County jury of Mata for unlawful possession barred the State's prosecution of Mata in Yakima County for unlawful possession. We remanded to the trial court to vacate the unlawful possession of a firearm conviction, to recalculate the offender score, and to resentence Mata. This court concluded: "We find no other reversible error, nor does Mr. Mata raise any viable issue in his pro se statement of additional grounds." *State v. Mata*, 180 Wn. App. at 110.

On May 18, 2015, Joe Mata filed his first personal restraint petition, complaining of an impermissibly suggestive photographic montage and ineffective assistance of trial counsel. Personal Restraint Petition, *In re Personal Restraint of Mata*, No. 33412-1-III (Wash. Ct. App. May 18, 2015). This court dismissed the first petition as frivolous. Order Dismissing Personal Restraint Petition, *In re Personal Restraint of Mata*, No. 33412-1-III, at 11 (Wash. Ct. App. Feb. 7, 2017).

PROCEDURE

On September 29, 2017, Joe Mata filed this CrR 7.8 motion for reversal of the first degree robbery conviction. We deem the motion a second personal restraint petition. In the pending petition, Mata argues a contention we refused to entertain in his second appeal because the contention went beyond the remand to the superior court. Mata argues that collateral estoppel precluded the State from prosecuting in Yakima County charges of first degree robbery since the Pierce County jury acquitted him of charges of unlawful possession of the firearm he purportedly used to frighten victims into surrendering money and property in Yakima County.

LEGAL ANALYSIS

Mixed Petition

The State of Washington requests dismissal of Joe Mata's second personal restraint petition because of a mixed petition. Mata replies that he only raises double jeopardy in this second petition. Thus, according to Mata, the petition cannot be mixed.

Generally, a personal restraint petition must be filed within one year of final judgment. RCW 10.73.090(1). RCW 10.73.100 provides six exceptions to this time bar, one of which is a challenge to a conviction based on double jeopardy. Even if the petitioner relies on one of the statutory exceptions, if the petitioner relies on another

ground not found in RCW 10.73.100, the court must dismiss the personal restraint petition because of its mixed nature. *In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 348-49, 5 P.3d 1240 (2000). If a petition relies on one or more of the grounds listed in RCW 10.73.100 and also on a ground not enumerated therein, it is subject to the one year limit. *In re Personal Restraint of Stoudmire*, 141 Wn.2d at 348-49.

We agree with Joe Mata. Although the State claimed in its initial response that Mata filed a mixed petition, the State did not identify any issues raised by Mata other than double jeopardy.

A personal restraint petitioner must show actual and substantial prejudice to receive relief. The petitioner establishes this prejudice if he shows the State violated his right against double jeopardy. *In re Personal Restraint of Moi*, 184 Wn.2d 575, 579, 360 P.3d 811 (2015). Therefore, we proceed to the merits of Joe Mata's claim of double jeopardy.

*Blockburger* Test

In this second personal restraint petition, Joe Mata initially contended that the Yakima County trial court erred when it failed to conduct a *Blockburger* analysis despite his request. In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L.

8

Ed. 306 (1932), the United States Supreme Court established one of several tests for determining whether double jeopardy bars multiple prosecutions for the same offense:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Later cases label the test as the "same elements" test.

The State responds that its Pierce County and Yakima County prosecutions did not impose double jeopardy because the robbery and unlawful possession of a firearm survive the "same elements" test from *Blockburger*. In a reply inconsistent with his initial argument, Joe Mata asserts that the State's discussion of *Blockburger* lacks relevance to his petition, because the petition relies on collateral estoppel, not the *Blockburger* test.

The *Blockburger* test is one of statutory construction used to determine legislative intent when the statutes governing either offense do not expressly permit multiple punishments for the conduct that violated the respective statutes. *State v. Muhammad*, 194 Wn.2d 577, 602 451 P.3d 1060 (2019). Distinct from the *Blockburger* test, yet also serving to bar double jeopardy, is the doctrine of collateral estoppel. Under this doctrine, the asserting party must show that "an issue of ultimate fact has once been determined by a valid and final judgment" barring subsequent litigation of that issue between the same

parties in a future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970).

Although Joe Mata's petition initially claimed that the trial court erred in not conducting a *Blockburger* analysis, he failed to engage in the exercise of determining whether each conviction required proof of a fact that the other conviction did not. Moreover, from his first reply brief, he abandons the *Blockburger* test. Accordingly, we decline to review this issue further.

Collateral Estoppel

Joe Mata argues that collateral estoppel barred prosecution of first degree robbery charges in Yakima County following acquittal of unlawful possession of a firearm in Pierce County because both prosecutions required proof that he possessed a firearm. Since the Pierce County jury absolved him of firearm charges, the State could not convict him in Yakima County for a crime, whose elements included possession of a firearm. The State responds that, because this court has no record on which to determine the basis on which the Pierce County jury acquitted Mata on possession charges and because Mata bears the burden of establishing collateral estoppel, his petition fails.

Collateral estoppel precludes an ultimate issue of fact from being litigated again between the same parties in a later lawsuit once a trier of fact already determined the

issue by a valid and final judgment. *Ashe v. Swenson*, 397 U.S. at 443 (1970); *State v. Tili*, 148 Wn.2d 350, 360, 60 P.3d 1192 (2003). The party asserting collateral estoppel bears the burden of proof. *In re Personal Restraint of Moi*, 184 Wn.2d at 579 (2015).

Washington courts rely on the four-part civil law test for applying collateral estoppel in the criminal context. *State v. Tili*, 148 Wn.2d at 361 (2003); *State v. Vasquez*, 148 Wn.2d 303, 308, 59 P.3d 648 (2002); *State v. Williams*, 132 Wn.2d 248, 254, 937 P.2d 1052 (1997). The elements of collateral estoppel are:

> (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice.

*In re Personal Restraint of Moi*, 184 Wn.2d at 580 (quoting *State v. Williams*, 132 Wn.2d at 254). As the asserting party, Joe Mata bears the burden to establish all four elements. *State v. Williams*, 132 Wn.2d at 254.

Joe Mata requests that this court revert to a pre-*Ashe* test used by the Washington Supreme Court in *State v. Peele*, 75 Wn.2d 28, 30-31, 448 P.2d 923 (1968). Specifically, he asks that this court drop the fourth element that "application of the doctrine must not work an injustice." Omitting this element would follow a test used by the United States

Court of Appeals for the Ninth Circuit. *Durkin v. Shea & Gould*, 92 F.3d 1510, 1516 (9th Cir. 1996).

We decline to apply the pre-*Ashe* test. The Washington Supreme Court, in *In re Personal Restraint of Moi*, noted in a footnote that the Ninth Circuit dropped the fourth element from the collateral estoppel test, but our Supreme Court did not adopt or apply that test. *In re Personal Restraint of Moi*, 184 Wn.2d at 584 n.4 (2015). The Court of Appeals must abide by Supreme Court decisions. *State v. Gore*, 101 Wn.2d 481, 486-487, 681 P.2d 227 (1984). We also decline to drop the fourth element since we need not address its fulfillment to resolve Joe Mata's petition.

The State concedes the presence of element two of the collateral estoppel test, that the first prosecution in Pierce County ended in a final judgment on the merits. We proceed to address only if Mata meets elements one.

Joe Mata contends that the Pierce County jury and the Yakima County jury faced the same ultimate issue, whether Mata knowingly possessed a firearm. Of course, this court already agreed with Mata's argument with regard to his charge in Yakima County Superior Court for unlawful possession of a firearm. We must now determine if our ruling should extend to the first degree robbery convictions.

Mata argues that, in the Yakima County trial, the State had to prove Mata used the same handgun, on which the State based the Pierce County charge, to commit the robberies on July 28, 2009. The State responds that the issues differ because, in the Pierce County prosecution, the State had to prove that Mata had actual or constructive possession of the firearm at the time of his arrest in Pierce County. During the Yakima County prosecution, the State did not need to prove Mata possessed the gun at the time of his Pierce County arrest. Also, in the Pierce County prosecution, the State needed to prove that Mata possessed a real firearm, while, in the Yakima County prosecution, the State needed to only prove that Mata armed himself with what appeared to be a firearm at the time he seized others' money and property during his robberies.

To repeat, the first element of collateral estoppel demands that the issue decided in the prior adjudication must be identical with the one presented in the second. *In re Personal Restraint of Moi*, 184 Wn.2d at 580 (2015). When a verdict is based on a general verdict, the court should, in order to determine unity of the issues:

> examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

13

*Ashe v. Swenson*, 397 U.S. at 444 (1970). This wide reaching review of the prior trial record is due to the fact that it is extremely hard to reliably glean a jury's reasoning from a general verdict in a criminal case. *Ashe v. Swenson*, 397 U.S. at 444.

*Ashe v. Swanson* forbids a second trial only if, to secure a conviction, the prosecution must prevail on an issue the jury necessarily resolved in the defendant's favor in the first trial. *Currier v. Virginia*, __ U.S. __, 138 S. Ct. 2144, 2150, 201 L. Ed. 2d 650 (2018). Mere speculation that a defendant prevailed on the disputed issue at the original trial will not preclude a second trial. *Currier v. Virginia*, 138 S. Ct. at 2150.

Joe Mata argues that the State held the burden, under RAP 16.9(a), to provide records for this court in order to establish that the two ultimate issues under the first prosecution and the second prosecution differed. Thus, according to Mata, the State's complaint about a lack of evidence in the record from which to compare the records in both cases works against the State. We disagree since Mata, as the one asserting collateral estoppel, possesses the burden of establishing the doctrine. *In re Personal Restraint of Moi*, 184 Wn.2d at 579 (2015).

The State emphasizes that Joe Mata could have, but failed to, supply the court with any evidence from the Pierce County trial. In reply, Mata appended the Pierce County Superior Court charging information, Mata's stipulation to his prior convictions and lack

14

of firearm rights, jury instructions, verdict form, and judgment and sentence. Petitioner's

Reply Br. Appx. at 1-14, 27-61. We already had the verdict form. Mata failed to supply

this court the trial transcript from the Pierce County case and any other records to show

what evidence regarding firearm possession was admitted or excluded. With this limited

information, this court cannot engage in the searching analysis required by *Ashe v.*

*Swanson* and its progeny. We cannot determine on what basis the jury found that Joe

Mata did not possess a firearm in Pierce County.

To the extent this court can analyze the collateral estoppel issue, the unlawful

possession acquittal from Pierce County did not resolve an ultimate issue required to be

decided in the Yakima County robbery charges. Despite involving the same gun, the

ultimate issues in the two cases were different.

The ultimate issue in Yakima County was whether or not Joe Mata displayed the

gun, or what appeared to be a gun, during the course of robbing Zachary Sisneros and

Shaun Kroeger. In Pierce County, the ultimate issue was whether or not Mata knowingly

possessed that same gun at a different time, under completely different circumstances,

and in a completely different location.

Instead of comparing the facts of the two trials, Joe Mata attempts to borrow this

court's unit of prosecution analysis from his earlier first direct appeal, used to assess

15

whether double jeopardy barred conviction based on unlawful possession of a firearm, onto the collateral estoppel analysis at issue here. *State v. Mata*, 180 Wn. App. at 116-18 (2014). This argument confuses the issues. The unit of prosecution test employs a distinct legal inquiry into whether the legislature defined two offenses or a single offense, whereas the collateral estoppel doctrine demands a highly fact-specific inquiry into the trial evidence and the jury verdict. *State v. Mata*, 180 Wn. App. at 116 (2014), *with Ashe v. Swanson*, 397 U.S. at 444 (1970); *see also* 12 ROYCE A. FERGUSON, JR., WASHINGTON. PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 2112 (3d ed. 2018). The accused generally utilizes the unit of prosecution test when the State charges him with two discrete counts of the same crime. The accused often employs the principle of collateral estoppel when the State charges and tries separately different offenses, but when the State presents the same evidence in each trial. 12 FERGUSON, *supra*, § 2112, at 480. The analyses are independent of each other.

Because Joe Mata fails to fulfill the first element of collateral estoppel, we do not address whether he satisfies the other three elements. We also need not address the State's contention that collateral estoppel never bars the later introduction of evidence.

No. 35618-3-III
*In re Pers. Restraint of Mata*


CONCLUSION

We rule that collateral estoppel did not bar the State of Washington's prosecution for first degree robbery in Yakima County Superior Court despite the acquittal on a charge of unlawful possession of a firearm in Pierce County Superior Court. We dismiss Joe Mata's personal restraint petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, C.J.

17