# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

HAIR PLUS BEAUTY OUTLET, INC., )
an Ohio corporation, )
       )
       Appellant, )
       )
       v. )
       )
OMH, INC., a Washington corporation, )
and ALL OTHER OCCUPANTS, )
       )
       Respondents. )

No. 75348-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: February 12, 2018

TRICKEY, A.C.J. — Hair Plus Beauty Outlet, Inc. (Hair Plus) claimed lease rights to property OMH, Inc. occupied. Hair Plus brought an unlawful detainer suit against OMH but moved for voluntary dismissal after failing to produce a lease admissible in evidence. The trial court dismissed the case with prejudice. Hair Plus appeals the trial court's refusal to admit the proffered copy of the lease and the dismissal with prejudice.[1] Because the trial court did not abuse its discretion as to either the evidentiary decision or the dismissal with prejudice, we affirm.

## FACTS

OMH is a Washington corporation Min Hwan Oh owns. Hair Plus is Soo Jin Jung's Ohio corporation. Jung owned several other businesses, including Hair Art Beauty and Salon (Hair Art), located at 9000 Rainier Avenue South, in Seattle, Washington (the Property).

---

[1] Both parties have also submitted motions to supplement the record to include evidence of a previous lawsuit. This evidence is not necessary for the fair resolution of the issues on appeal. Therefore, the evidence does not meet the requirements for admission of evidence not previously before the trial court. RAP 9.11(a). The motions to supplement the record are denied and the evidence is not considered in this decision.

On November 7, 2007, OMH purchased Hair Art from Jung. The sale was contingent upon either the successful assignment of the physical store's current lease from Hair Art to OMH, or the signing of a new lease agreement with OMH as the leasee. OMH was provided with a sublease between Thrifty Payless, Inc. and Hair Art dated January 25, 2007 (the Lease).[2] Jung signed the Lease which listed Hair Art as the subtenant.

Jung remained the manager of Hair Art until OMH discovered financial irregularities with the business. In March 2011, OMH sued Jung for conversion, unjust enrichment, and breaches of contract, fiduciary duty, and implied covenant of good faith and fair dealing. In September 2012, OMH won a judgment that included ownership of Hair Art.

Soon after, Hair Plus sent OMH a letter demanding that the business vacate the Property. Although the judgment awarded OMH all assets of Hair Art, the ownership of the lease was not specified. To prevent the unlawful detainer action, OMH filed a motion to clarify the judgment in order to establish entitlement to the Property. The trial court granted the motion to clarify and ordered that an amended judgment may be noted for presentation. OMH never presented the amended judgment to the trial court because Jung filed for personal bankruptcy in December 2012 and entered a notice of automatic stay.

On October 2, 2013, Hair Plus filed a complaint for unlawful detainer against OMH. The complaint alleged that Hair Plus was the tenant under the Lease with landlord Thrifty Payless, Inc., and that OMH was a subtenant of Hair Plus that had

---

[2] The Prime Lease for the Property, as given to OMH at the time of the sale, is between Quality Food Centers, Inc. and Thrifty Payless, Inc. Hair Art was listed as the subtenant.

2

not abided by a notice of termination of tenancy. The trial court issued an order to show cause why a writ of restitution should not be issued.

OMH responded that all rent had been paid to the actual landlord, Thrifty Payless, Inc.[3] OMH argued that Hair Plus was equitably estopped from claiming lease rights by the decision in the prior case between Jung and OMH. OMH also noted that Hair Art's assets were controlled by the bankruptcy trustee following Jung's bankruptcy filing.

The bankruptcy trustee filed a responsive statement to Hair Plus's complaint. According to the trustee, Jung had asserted 100 percent ownership in Hair Plus in his bankruptcy filing. Because Jung was the sole owner, all rights in Hair Plus transferred to the bankruptcy trustee and the unlawful detainer could not go forward. Hair Plus filed a notice of bankruptcy stay until allowed to proceed by the bankruptcy court or trustee.

In August 2015, Hair Plus again moved for an order to show cause. In response, OMH submitted a declaration that included a copy of the Lease. OMH also included a statement from the bankruptcy trustee that the bankruptcy had not been closed and the stay was still in effect. As a result, the hearing was stricken.

On August 31, 2015, the bankruptcy court discharged Jung's case. Shortly thereafter, Hair Plus brought a third motion to show cause, alleging that OMH had not paid rent for two years under the alleged sublease with Hair Plus. The unlawful detainer case was delayed so that OMH and Jung could have a hearing to enter the amended judgment in the original suit against Jung. The amended judgment

---

[3] Thrifty Payless, Inc. is a subsidiary of Rite Aid Corporation.

was entered but was subsequently vacated and sealed due to Jung's bankruptcy discharge.

On March 9, 2016, Hair Plus brought a fourth motion requesting an order to show cause in the unlawful detainer suit. The case went to trial on May 9, 2016.

On the first day of trial, Hair Plus offered an alleged copy of the Lease as Exhibit 3 to establish its leasehold rights.[4] The trial court denied admission of Exhibit 3 because it determined that the offered document was not an accurate reproduction of the original Lease and lacked the credibility and authenticity to be admitted in lieu of the original. Soon after its ruling, the trial court took a brief recess.

When trial resumed, counsel for Hair Plus informed the trial court that Jung had produced a new document during the recess. Counsel stated that he had not previously seen the document. Hair Plus claimed that the document was a copy of the Lease for the Property that had been in Jung's personal files since 2007. When questioned, Jung admitted that some pages had been lost. Hair Plus requested admission of this new document as Exhibit 8.

The trial court denied admission of Exhibit 8 because it was not an accurate reproduction of the original and lacked credibility and authenticity. The trial court also noted the egregiousness of Hair Plus's offer of undisclosed evidence in the middle of trial. OMH did not request exclusion of Exhibit 8 as a discovery violation sanction. The trial court emphasized it only denied admission of the exhibit.

---

[4] Hair Plus claimed that Exhibits 1 and 2 were additional portions of the Lease document offered as Exhibit 3, such that the three exhibits together were the Lease.

Shortly after the trial court's ruling on Exhibit 8, Hair Plus moved for voluntary dismissal. The parties disagreed as to whether the dismissal should be with or without prejudice. Following briefing and oral argument on the issue, the trial court ultimately issued an order of dismissal with prejudice.[5]

Hair Plus appeals.

## ANALYSIS

### Evidentiary Issues

Hair Plus contends that the trial court erroneously denied admission of a copy of the Lease marked as Exhibit 3. Because the document was incomplete and raised genuine issues of credibility and authenticity, we disagree.

The "best evidence" or "original writing" rule applies when a party is attempting to prove the contents of a writing. ER 1002; In re Pers. Restraint of Adolph, 170 Wn.2d 556, 567, 243 P.3d 540 (2010). Generally, the original writing is required to prove its content. ER 1002. A duplicate, that is an accurate reproduction, may be admissible to the same extent as the original unless "(1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." See ER 1001, 1003. Admission or refusal of evidence is in the sound discretion of the trial court and will not be reversed absent a showing of abuse of that discretion. State v. Clapp, 67 Wn. App. 263, 272, 834 P.2d 1101 (1992).

Hair Plus attempted to admit Exhibit 3 as a duplicate of the Lease. But Jung

---

[5] We would like to commend the trial court on the clearly written, thorough order issued in this case. The trial court also admirably navigated around the issues from the prior case that were not in evidence and confined the arguments and findings of fact and conclusions of law to only the evidence before it in the unlawful detainer case.

testified that he had signed additional documents that were incorporated into the Lease, which were not included in Exhibit 3. Based on Jung's testimony, Exhibit 3 was not a complete and accurate copy of the Lease and thus, could not be admitted as a duplicate of the Lease under ER 1001, 1002, and 1003.

Because Jung's own testimony indicated that Exhibit 3 was not a complete copy of the Lease, the trial court expressed general concerns about the authenticity of the purported lease. This led the trial court to determine that admission of the document in lieu of the original would be unfair. The incomplete nature of Exhibit 3 and the trial court's resulting concerns about fairness support the trial court's decision to refuse admission under ER 1003. Therefore, the trial court did not abuse its discretion by denying admission of Exhibit 3.[6]

### Motion to Dismiss

Hair Plus argues that the court erroneously dismissed its case with prejudice as an improper sanction for discovery abuse. OMH contends that the trial court properly dismissed Hair Plus's case with prejudice because subsequent refiling would be futile and because the trial court has an inherent power to sanction. We agree that the trial court acted within its discretion to dismiss Hair Plus's case with prejudice.

Voluntary dismissals are mandatory "[u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case." CR 41(a)(1)(B). While the trial court must dismiss upon a voluntary motion for

---

[6] The trial court also denied admission of Exhibit 8, the document produced by Jung during recess on the first day of trial. Hair Plus does not assign error to the trial court's decision not to admit Exhibit 8. Therefore, any argument concerning the admissibility of Exhibit 8 is waived. RAP 10.3(a)(4).

6

dismissal, it has discretion to dismiss either with or without prejudice. Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 191, 69 P.3d 895 (2003). This court reviews a trial court's order on a motion to dismiss for manifest abuse of discretion, which occurs when the ruling is manifestly unreasonable or discretion was exercised on untenable grounds. Escude, 117 Wn. App. at 190.

The trial court based its decision to dismiss with prejudice, in part, on the determination that refiling of the case would be futile. The trial court can exercise the discretion to dismiss with prejudice in limited circumstances where dismissal without prejudice would be pointless. Escude, 117 Wn. App. at 187 (dismissal with prejudice was appropriate when applicable statute of limitations had run and plaintiff's claims could not be refiled).

Here, in considering whether to dismiss Hair Plus's case with or without prejudice, the trial court noted that the case had been pending for almost three years with heavy and protracted litigation. Despite having this extended period to prepare for trial, Hair Plus failed to provide an admissible leasehold document establishing its right to possession of the Property. At trial, Hair Plus submitted two separate versions of the Lease, but both were rejected as incomplete and lacking in authenticity and credibility. Even Exhibit 8, allegedly Jung's personal copy of the Lease that he had held since 2007, was found to be incomplete. Hair Plus's repeated failure to produce an admissible Lease caused the trial court to doubt whether such evidence existed.[7]

Without a lease document, Hair Plus could not prove its entitlement to

---

[7] "Clearly, if admissible evidence existed, the plaintiff should have produced it, and more importantly would have produced it." Clerk's Papers (CP) at 373.

possession of the Property. Given Hair Plus's inability to produce an admissible lease after three years and the trial court's resulting doubt that such a document existed, future attempts to refile the action would be futile. Therefore, the trial court acted within its discretion when it granted voluntary dismissal with prejudice due to the futility of further litigation.

Dismissal with prejudice is also appropriately granted as part of the court's inherent power to impose a sanction of dismissal. Escude, 117 Wn. App. at 191; In re Detention of G.V., 124 Wn.2d 288, 297-98, 877 P.2d 680 (1994). The trial court invoked this inherent power as an additional ground for dismissing Hair Plus's case with prejudice. In reaching this conclusion, the trial court noted:

> Many significant concerns came to light during trial, including, but not limited to: Mr. Jung's complete lack of credibility; plaintiff's egregious discovery violation; plaintiff's decision to prosecute this action and to proceed to trial with insufficient evidence to support an unlawful detainer action; plaintiff's choice to employ a "trial by ambush" tactic.[8]

Hair Plus's own actions support the trial court's conclusion that there were grounds for sanctions. While no formal discovery was conducted, the trial court set deadlines for exhibits. Exhibit lists were due on April 18, 2016, and the exhibits were to be available for inspection by April 25, 2016. Exhibit notebooks were submitted the week before trial, and a revised joint statement of evidence was submitted on May 5, 2016. Trial began on May 9, 2016.

Despite these clear deadlines, Hair Plus produced a previously undisclosed document during a recess on the first day of trial. The trial court stated, "I have never seen such an egregious example of pulling out evidence in the middle of

---

[8] CP at 373.

8

trial."[9] While the trial court only denied admission of Exhibit 8, Hair Plus's behavior at trial supported exclusion as a discovery sanction.[10]

Hair Plus argues that the trial court's dismissal with prejudice was a sanction for discovery abuse. This is unsupported by the record. The trial court focused on Hair Plus's "blatant assault on the due administration of justice," as Hair Plus brought an action to trial without sufficient evidence, lacked credibility, committed egregious discovery violations, and thereby significantly prejudiced OMH.[11] In light of Hair Plus's behavior at trial, dismissal with prejudice was within the trial court's inherent power to sanction.

The trial court properly based its decision to dismiss the case with prejudice pursuant to its inherent power to sanction and the futility of future litigation. We conclude that the trial court did not abuse its discretion by dismissing Hair Plus's unlawful detainer case with prejudice.

### CR 11 Sanctions

Hair Plus requests its fees and costs on appeal under CR 11 as a sanction for OMH's lack of candor to the trial court, violation of the order to vacate and seal the amended judgment, and filings that have no factual basis. An appellate court may impose appropriate sanctions for violation of CR 11, including reasonable attorney fees and costs. See Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 223, 225, 829 P.2d 1099 (1992).

---

[9] Report of Proceedings (RP) (May 9, 2016) at 87.
[10] The trial court conducted a Burnet analysis and determined that exclusion would have been an appropriate remedy under the circumstances. See Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).
[11] CP at 373.

Here, only the vacated judgment was sealed. The court orders, briefs, and hearings pertaining to the prior litigation and discussing the amended judgment were not sealed and remain in the public record. OMH's references to this public information do not violate the order to vacate and seal the amended judgment. Hair Plus's contentions are not well taken. We decline the request as there are no grounds for CR 11 sanctions.

Affirmed.

Trickey, ACJ

WE CONCUR:

Mann, J.

Leach, J.